### MABEL A. BROWN *vs.* LESLIE ROBINSON.

Bristol.    October 27, 1930. — March 3, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Motor Vehicle,* Registration: mistake. *Statute,* Construction. *Words,* "Mistake," "Misstatement."

Words in a statute amending a provision of the General Laws are to be construed according to the common and approved usage of the language considered in connection with the cause of its enactment, the pre-existing state of the law, the mischief to be remedied and the main object to be accomplished.

Resort may be had to the title of a statute as an aid in its interpretation.

The word "mistake" in St. 1928, c. 187, § 1, entitled in part, "An Act relative to the effect of certain misstatements in applications for registration of motor vehicles . . . ," and providing, "A motor vehicle . . . shall be deemed to be registered . . . notwithstanding any mistake in so much of the description thereof contained in the application for registration as relates to the engine, serial or maker's number thereof," means not only ignorance of facts by the owner but also an unconscious forgetfulness of facts which have come to his knowledge and attention, resulting in an innocent failure to cause correct registration to be made.

The owner of an automobile, purchased by him in 1924, read very little English; his wife attended to most of the details concerning the automobile. In 1926 the motor was removed and a new motor installed, but, although the wife was well aware of the change in the motor, the old motor number was continued in the registration of the automobile and was not changed to the number of the new motor until after a collision in 1929, while the wife was driving it on a public way, with a second automobile negligently driven. A judge of a district court, who heard an action by the wife for personal injuries thus sustained, refused to rule that the failure of the "plaintiff or owner of the automobile which the plaintiff was operating at the time of the accident, to notify the registry of motor vehicles of the change in motors and to secure a new registration rendered the car a trespasser on the highway"; and found for the plaintiff. *Held,* that no error was shown.

TORT for personal injuries. Writ in the Third District Court of Bristol dated July 13, 1929.

The collision occurred on April 12, 1929. Other material facts appearing at the trial in the District Court are stated in the opinion. The judge refused a request by the defendant that he rule: "The failure of the plaintiff or owner of the automobile which the plaintiff was operating at the time of the accident, to notify the registry of motor vehicles of the change in motors and to secure a new registration rendered the car a trespasser on the highway."

The judge found for the plaintiff in the sum of $250 and reported the action to the Appellate Division for the Southern District. The report was ordered dismissed. The defendant appealed.

The case was submitted on briefs.

*C. W. Deasy,* for the defendant.

*F. A. Doyle,* for the plaintiff.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries received by the plaintiff, while driving an automobile at the rate of about ten miles an hour, through collision with an automobile negligently driven by the defendant. The trial judge found that the plaintiff had entered the area forming the intersection of two streets before the defendant reached it, and was therefore entitled to the right of way under G. L. c. 89, § 8, as amended by St. 1928, c. 357, § 4, and St. 1929, c. 147, § 1, and that the defendant thereafter entered that area, ran into the automobile driven by the plaintiff and tipped it over. The due care of the plaintiff and the negligence of the defendant were thus established.

The sole defence argued rests on these facts: The automobile driven by the plaintiff was owned by her husband through purchase in 1924 and was thereafter registered in his name; in 1926 the motor was removed and a new motor installed, but the old motor number was continued in the registration of the automobile and was not changed to the number of the new motor until after the accident here in question. There was evidence tending to show that the owner of the car reads very little English and

his wife attended to most of the details concerning the automobile, and that she was well aware of the change of the old motor for the new one. The defendant contends that the automobile driven by the plaintiff was not properly registered and was a trespasser on the highway. At the time of the accident St. 1928, c. 187, § 1, amending G. L. c. 90, § 9, was in force, whereby "A motor vehicle . . . shall be deemed to be registered . . . notwithstanding any mistake in so much of the description thereof contained in the application for registration as relates to the engine, serial or maker's number thereof." We assume, as have the parties in argument, that the word "engine" in this statute means the same thing as "motor" in the report. Perhaps judicial notice might be taken of this identity of meaning. It is plain that, prior to the effective date of said c. 187, the automobile driven by the plaintiff would not have been properly registered and would have been an outlaw upon the highway. *Staley* v. *Wilbur*, 258 Mass. 481. *Wallace* v. *New Bedford & Onset Street Railway*, 259 Mass. 20. *Di Franco* v. *West Boston Gas Co.* 262 Mass. 387, 389. *Rosenthal* v. *Liss*, 269 Mass. 373, 377, and cases cited. The canon of interpretation applicable to said c. 187 is that its words are to be construed according to the common and approved usage of the language considered in connection with the cause of its enactment, the preëxisting state of the law, the mischief to be remedied and the main object to be accomplished. *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 374. *Bergeron, petitioner*, 220 Mass. 472, 475. It is a permissible inference that said c. 187 was enacted to remedy the strictness of the previous provisions of law brought to light by the decisions first cited and to ameliorate the conditions there revealed. It is to be noted that a part of the title of that chapter is "An Act relative to the effect of certain misstatements in applications for registration of motor vehicles . . . ." Resort may be had to the title of a statute as an aid in its interpretation. *Wheelwright* v. *Tax Commissioner*, 235 Mass. 584, 586. "Misstatements" in the title is a word of broader

signification than "mistake" in the body of § 1 and has a tendency to indicate that the latter was not designed to be used in a narrow or technical sense. Although they may exist, it is difficult to conceive of cases of the substitution of one motor for another in the ordinary automobile of which the owner, or the person having charge of it for him, would not be well aware. If the scope of the legislative intent be confined so as to exclude from the benefit of the statute those who, being well aware of the change in number arising from replacement of an old engine with a new one, yet innocently overlook making the corresponding change in application for registration, it would fail to accomplish the apparent aim of the statute. An unconscious forgetfulness of facts which have come to the owner's knowledge and attention, resulting in an innocent failure to cause correct registration to be made, is a mistake within the meaning of said c. 187. This excludes wilful omission, intentional failure, or conscious inattention to procure correct registration. It excludes every element of design. It excludes heedless or reckless conduct in view of known facts. It excludes wanton or inexcusable delay in action. It includes only complete honesty of purpose accompanied by blameless oversight or ignorance of facts. The facts in the group of cases first herein cited would bring them within the scope of said c. 187 as thus interpreted. According to this interpretation the statute becomes a workable piece of legislation affording a shield to the innocent and careful, and to no others. It does not break down the main object of other provisions of the statutes requiring registration of all motor vehicles and rendering the unregistered motor vehicle an outlaw upon the highway.

The finding of the trial judge that the plaintiff was within the protection of said c. 187 cannot be pronounced erroneous. See *McFeely* v. *Scott,* 128 Mass. 16, 19.

*Order dismissing report affirmed.*