GEORGE OBED EMENEAU *vs.* MARGARET H. HILLERY.

SAME *vs.* JOHN H. DOYLE.

Middlesex.    December 9, 1932. — March 2, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence*, Motor vehicle. *Motor Vehicle*, Registration.

At the trial of an action of tort for personal injuries against the driver of a motor truck, it appeared that the plaintiff was standing on the truck after, at the direction of his employer, he had assisted in unloading it at a dump to which it had been driven at the direction of its owner, who had business relations with the plaintiff's employer; that for the unloading the truck was backed from the street to the dump; that in leaving the dump it was necessary for the truck to be driven about five feet and then to drop about eight inches to the surface of the street; and that the plaintiff knew that such drop had to be made. There was evidence that, after the unloading and while the plaintiff stood on the truck facing the rear with his arm around a post and his hand gripping it, "the driver started off without any warning" and "came out straight from the dump in fast speed"; that as "he came out, he came down until he got down on the edge of the bank of the dump, then he gave a sharp turn," the wheel on the rear end dropped, the truck "careened and tipped" and the plaintiff "lost" his "hold" and "grip" on the post, fell to the road and suffered personal injuries. A verdict was ordered for the defendant. On exceptions saved by the plaintiff, it was *held*, that

(1) The jury would not have been warranted in finding what the speed of the truck was as it traversed the distance of five feet between the front of the truck and the edge of the drop at the street, nor

whether a "sharp turn" was proper or even necessary in the conditions when the wheel "dropped" and the truck "careened and tipped";

(2) In the circumstances, there was no duty on the driver to warn the plaintiff that the truck was about to start or would be expected to tip when it was turned to cross the drop to the street;

(3) A finding was not warranted that the defendant was negligent either in not warning the plaintiff that the truck was to be started at once or that a depression in the way was to be traversed with a probable tipping and severe jolting of the truck.

At the trial of actions against the owner and the operator of a motor truck for injuries sustained by the plaintiff while riding thereon, the plaintiff proved that when the truck was registered in 1931 a wrong engine number was stated in the application therefor. It appeared that the defendant owner did not at any time make a personal examination of the application for registration which was signed by him or of the truck to determine whether the information contained therein or thereon was correct, but left those details to his insurance broker, and that he did not know that the truck was improperly registered at the time of the accident. The application also gave as the capacity of the truck, the "load to be carried . . . 10000 pounds," whereas in fact the load to be carried was four thousand pounds. The plaintiff relied, to sustain the action, solely upon the above proof to show that the truck was not legally registered and therefore was a nuisance making the defendants liable although the plaintiff's injury was not the result of negligence for which the defendants were responsible. A verdict was ordered for the defendants. *Held,* that

(1) By reason of the provisions of St. 1928, c. 187, § 1, the mistake in the registration as to engine number did not make the registration illegal or the truck a nuisance on the highway;

(2) "Carrying capacity" not being a requisite of an application subsequent to the enactment of St. 1928, c. 316, § 3, the misstatement as to that subject in the application did not make the registration illegal;

(3) The verdict rightly was ordered.

Two ACTIONS OF TORT. Writs dated, respectively, September 9, 1931, and December 29, 1931.

In the Superior Court, the actions were tried together before *Morton*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant in each action. The plaintiff alleged an exception in each action.

*J. E. Chisholm*, (*J. T. Cummiskey* with him,) for the plaintiff.

*J. H. Gilbride*, for the defendants.

PIERCE, J. These are two actions of tort to recover for personal injuries sustained by the plaintiff on a public

highway in Cambridge, Massachusetts. One action is against the driver, and the other against the owner, of a truck. The plaintiff's declaration contained two counts in each case, the first based on the negligence of the driver, the second upon the alleged illegal registration of the truck involved. The answer in each case contained a general denial and an allegation of contributory negligence; the answer in the action against the owner alleged in addition thereto a denial of agency. At the close of the evidence the judge on motions of the defendants directed a verdict for the defendant in each action. The cases are before this court on the plaintiff's exceptions duly saved to the aforesaid directions.

The facts in their aspect most favorable to the plaintiff in substance disclose that the accident to the plaintiff occurred on March 14, 1931; that at that time the plaintiff was a common laborer employed by the Dewey and Almy Chemical Company; that the defendant Margaret H. Hillery was in the trucking business and as such had business connections with the said chemical company; that she was the owner of the truck involved in each of the actions; and that the defendant John Doyle was working for her, and as her agent was driving the truck at the date and at the time of the accident to the plaintiff. The evidence so considered warranted the finding that the plaintiff was ordered by the foreman of the chemical company to load the truck of the defendant, driven by the defendant Doyle, with rubbish and dump at a place off Concord Avenue in North Cambridge; that the plaintiff with other employees of the chemical company unloaded the truck at the designated place; that the plaintiff had been to the "dump" several times before on the same truck with the same driver; that the surface of the "dump" was higher than the surface of the street; that there was a drop from the "dump" to the surface of the street of about eight inches; that the plaintiff knew that when the truck came out from the "dump" it had to drop off the bank on to the surface of Concord Avenue; that when the truck arrived at the "dump" it was "Pulled in on the road and turned

and backed in on the dump"; that the front end was about five feet from the street while unloading; that when the truck was unloaded the plaintiff, with other employees got on the truck and stood facing the rear of the truck with his arm around a post and his hand gripping it; "that the driver started off without any warning" "came out straight from the dump in fast speed"; that as "he came out, he came down until he got down on the edge of the bank of the dump, then he gave a sharp turn," the wheel on the rear end dropped, the truck "careened and tipped" and the plaintiff "lost" his "hold" and "grip" on the upright post, fell to the road and suffered personal injuries.

On the above statement it is plain that the jury would not be warranted in finding what the speed of the truck was as it traversed the distance of five feet between the front of the truck and the edge of the drop at the avenue; and equally plain that the jury could not determine on the evidence shown whether a "short sharp turn" was proper or even necessary in the conditions "when the wheel dropped" and the truck "careened and tipped." It is admitted that the plaintiff "knew that when the truck came out from the dump it had to drop off that bank on to the surface of Concord Avenue." In these circumstances there was no duty on the driver to warn the plaintiff that the truck was about to start or would be expected to tip when it was turned to cross the drop to the avenue. Manifestly the facts do not warrant a finding that the driver was negligent either in not warning the plaintiff that the truck was to be started at once or that a depression in the way was to be traversed with a probable tipping and severe jolting of the truck.

The plaintiff, in support of his right to maintain his action, relies upon the further position that "The operation of an unregistered automobile on the highways . . . is unlawful, creates a nuisance thereon and makes the driver and assenting owner liable for all the direct injury resulting from such act, although such injury was not the result of an act of negligence." The defendant according to our understanding does not dispute that such is the law if the

facts make it applicable to these actions. The evidence offered to prove that the truck was illegally registered is in substance as follows: The correct motor number of the truck was 6163857 and the serial number or maker's number was model T. A. engine 30–247. The original application for registration made by the defendant Margaret Hillery on January 1, 1931, gave the motor number 79201 and the maker's number 120393. Prior to St. 1928, c. 187, § 1, the inaccuracy in the motor and maker's numbers would have invalidated the registration and the truck would have been a trespasser on the highway. *Leonard* v. *Conquest,* 274 Mass. 347. St. 1928, c. 187, § 1, amends G. L. c. 90, § 9, as amended by St. 1922, c. 303, § 3, by adding the following: "A motor vehicle or trailer shall be deemed to be registered in accordance with this chapter notwithstanding any mistake in so much of the description thereof contained in the application for registration as relates to the engine, serial or maker's number thereof." It was decided in *Brown* v. *Robinson,* 275 Mass. 55, 58, that "If the scope of the legislative intent be confined so as to exclude from the benefit of the statute those who, being well aware of the change in number arising from replacement of an old engine with a new one, yet innocently overlook making the corresponding change in application for registration, it would fail to accomplish the apparent aim of the statute. An unconscious forgetfulness of facts which have come to the owner's knowledge and attention, resulting in an innocent failure to cause correct registration to be made, is a mistake within the meaning of said c. 187. This excludes wilful omission, intentional failure, or conscious inattention to procure correct registration. It excludes every element of design. It excludes heedless or reckless conduct in view of known facts. It excludes wanton or inexcusable delay in action. It includes only complete honesty of purpose accompanied by blameless oversight or ignorance of facts." The facts shown by the record bearing upon the issue of the defendant Hillery's "unconscious forgetfulness" of the true facts stated in her application for registration, and upon the question whether the failure to cause a correct registra-

tion was an innocent or wilful omission, a conscious inattention to procure correct registration, are in substance as follows: Mrs. Hillery did not at any time make a personal examination of the application for registration that was signed by her or of the truck being registered to determine whether the information contained therein (or thereon) was correct, but left that to the insurance broker, and she did not know the truck was improperly registered at the time of the accident. It is true, as the plaintiff contends, that the application gave the capacity of the truck, the "load to be carried . . . 10000 pounds" whereas in fact the load to be carried was four thousand pounds. This misstatement as to carrying capacity has not made the registration illegal since St. 1928, c. 316, § 3, where the words "carrying capacity" were omitted and thereby ceased to be a specific requirement of the application for registration. See St. 1919, c. 294, § 1. G. L. (Ter. Ed.) c. 90, § 2. We are of opinion that the innocent mistake of an applicant as to the carrying capacity of trucks, called for in blank forms of application for registration required by the registrar, is to be included within the scope of St. 1928, c. 187, § 1. It follows that the directions of the verdicts for the defendants were right whether the actions be treated as founded on alleged common law negligence or upon a nuisance which was not the result of negligence.

In each action the exceptions must be overruled.

*So ordered.*