CHARLES D. MacINNIS *vs.* LEO F. MORRISSEY.

Franklin.    September 22, 1937. — November 30, 1937.

Present: FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Motor Vehicle,* Registration. *Evidence,* Presumptions and burden of proof. *Pleading, Civil,* Answer. *Negligence,* Motor vehicle, Violation of law, Contributory. *Words,* "Mistake."

In an action resulting from a collision of automobiles, the burden of proving that the plaintiff's automobile was not legally registered was on the defendant.

In G. L. (Ter. Ed.) c. 90, § 9, as amended by St. 1934, c. 361, the word "mistake" as used with reference to a statement of residence has the same meaning as when used with reference to an engine, serial, or maker's number.

A statement in an application for registration of a motor vehicle giving the applicant's business address as his residence, at a time when he was temporarily boarding in the same town and was about to move his family and residence from another town where they had been to a new place not then determined, could be found to be a "mistake" within G. L. (Ter. Ed.) c. 90, § 9, as amended by St. 1934, c. 361, which did not invalidate the registration.

In G. L. (Ter. Ed.) c. 90, § 9, as amended by St. 1934, c. 361, the clause giving validity to the registration of a motor vehicle notwithstanding a mistake in the application in stating the applicant's place of residence, by implication extends to a like mistake in the certificate of registration issued thereon.

In an action resulting from a collision of automobiles, illegal registration of the plaintiff's automobile could be shown under an allegation in the answer that the plaintiff was guilty of contributory negligence.

TORT. Writ in the District Court of Franklin dated November 9, 1936.

On removal to the Superior Court, the action was tried before *T. J. Hammond,* J. There was a verdict for the plaintiff in the sum of $1,990. The defendant alleged exceptions.

The case was submitted on briefs.

*A. R. Simpson, C. R. Clason,* & *G. J. Callahan,* for the defendant.

*F. L. Hinckley,* for the plaintiff.

FIELD, J.   This is an action of tort to recover for personal injuries sustained by the plaintiff on August 6, 1936, while operating an automobile owned by him on a public way, and for damage to the automobile, as a result of a collision with an automobile operated by the defendant. The defendant's answer contains, with a general denial, an allegation of contributory negligence of the plaintiff, but no specific allegation that the automobile operated by him was not legally registered.   The defendant's motion for a directed verdict in his favor "upon the law, pleadings and evidence" was denied, and the defendant excepted.

The argument of the defendant in support of the motion was based solely on the ground that the automobile operated by the plaintiff was not legally registered.

The burden of proving that the plaintiff's automobile was not legally registered was on the defendant.   *Conroy* v. *Mather*, 217 Mass. 91.   It could not have been ruled as matter of law that this burden was sustained.   Consequently there was no error in the denial of the motion.

The defendant relies primarily on a misstatement of the plaintiff's residence in his application for registration. Independently of the effect of G. L. (Ter. Ed.) c. 90, § 9, as amended by St. 1934, c. 361, a misstatement — apart from trifling inaccuracies (*Caverno* v. *Houghton*, 294 Mass. 110, 113) — of the plaintiff's residence in the application would invalidate an attempted registration.   See *Lappanasse* v. *Loomis*, 297 Mass. 290, and cases cited.   But G. L. (Ter. Ed.) c. 90, § 9, as amended by St. 1934, c. 361, provides as follows: "A motor vehicle or trailer shall be deemed to be registered in accordance with this chapter notwithstanding any mistake in so much of the description thereof contained in the application for registration or in the certificate required to be filed under section thirty-four B as relates to the type of such vehicle or trailer or to the engine, serial or maker's number thereof, or any mistake in the statement of residence of the applicant contained in said application or certificate."

It appears from the plaintiff's uncontradicted testimony — which is binding upon him — that this automobile was

bought by him in June, 1936, and was delivered to him on June 26, and, from such testimony and the records in the office of the registrar of motor vehicles (see *Dean* v. *Boston Elevated Railway*, 217 Mass. 495), that the application for registration made by the plaintiff on June 26 stated his "address" and his "place of residence" to be "No. 191 Main Street, Greenfield." See G. L. (Ter. Ed.) c. 90, § 2. The facts bearing upon the plaintiff's place of residence on June 26, 1936, as shown by his uncontradicted testimony, were these: He was an inspector of boilers, employed by the Commonwealth. In December, 1935, he was transferred from Springfield to Greenfield. Thereafter his office was at 191 Main Street, Greenfield, but he never lived there. The plaintiff, however, lived for six days a week in Greenfield, first at "Cabot Lodge" and later, from about June 1, 1936, until August 14, 1936, at "Mrs. McKenna's," at a house numbered 108, on a street the name of which does not appear, but which apparently was not Main Street. Before he was transferred to Greenfield his home was at 16 Landseer Avenue, Framingham. His family continued to live there, supported by the plaintiff, until, in the "latter part of June," before he bought the automobile, he moved them to Dennis where he had hired a cottage for the summer. The plaintiff's furniture remained at 16 Landseer Avenue, Framingham, until June 30, 1936, when it was loaded for moving, and the next day it was delivered at "No. 23 Massasoit Street, Northampton," a house which the plaintiff had arranged to lease on June 29, 1936. He had given notice to terminate his tenancy of the premises in Framingham, but paid rent thereon until July 1, 1936. The plaintiff's family moved into the house in Northampton on September 8, 1936, when they returned from Dennis. When the plaintiff gave notice to terminate his tenancy of the premises in Framingham he knew that he was going to move out but he did not know until June 29, 1936, that he was going to move into the house in Northampton. The plaintiff "renewed . . . [his] driver's license on June 20, 1936, giving . . . [his] home address as No. 16 Landseer Avenue, Framingham, Mass."

It is not necessary to consider whether, apart from the provisions of G. L. (Ter. Ed.) c. 90, § 9, as amended by St. 1934, c. 361, there was such a misstatement of the plaintiff's residence in the application as·would invalidate the registration, for, even if there was such a misstatement, it could have been found to have been a "mistake" which, by reason of the statute, would not have that effect. The provision in G. L. (Ter. Ed.) c. 90, § 9, as amended, with respect to "mistake in the statement of residence" was first incorporated therein by St. 1934, c. 361. In this connection the word "mistake" has the same meaning as when used in the provision relating to the "engine, serial or maker's number," which had been incorporated in the statute by St. 1928, c. 187, § 1. The word "mistake" so used was defined in *Brown* v. *Robinson*, 275 Mass. 55, 58, as including only "complete honesty of purpose accompanied by blameless oversight or ignorance of facts." See also *Emeneau* v. *Hillery*, 282 Mass. 280, 284. There is nothing in the evidence to show any lack of "complete honesty of purpose" on the part of the plaintiff. And a finding was not precluded that, so far as there was any misstatement of the plaintiff's residence in the application, it was due to "blameless oversight or ignorance." We cannot say that this case falls outside the evident purpose of the statute.

The testimony of the plaintiff, moreover, must be construed as meaning that the statement of his residence in the certificate of registration was the same as in the application. Since a statement of "place of residence" in the certificate of registration is specifically required by statute (G. L. [Ter. Ed.] c. 90, § 2) an omission of such a statement or a misstatement may invalidate the registration. See *Brodmerkle* v. *Gorolsky*, 293 Mass. 517. Compare *Faria* v. *Veras*, *ante*, 117, 120–121. And the relief given by the amendment of G. L. (Ter. Ed.) c. 90, § 9, by St. 1934, c. 361, from the effect of a "mistake" in the "statement of residence" in an application is not in terms extended to a misstatement in the certificate of registration. While the application is made by the owner of a motor vehicle, the certificate is issued by the "registrar or his duly author-

ized agents." G. L. (Ter. Ed.) c. 90, § 2. The application, however, is the source of the information contained in the certificate. *Lappanasse* v. *Loomis*, 297 Mass. 290, 293. And the relief given for a "mistake" in the "statement of residence" in the application would be signally ineffective if such a "mistake" followed precisely in the certificate should invalidate the registration. An intention to pass such an ineffective statute is not to be imputed to the Legislature. See *Flood* v. *Hodges*, 231 Mass. 252, 257. We think it is fairly to be implied that the Legislature intended that the relief granted in the case of a "mistake" in the "statement of residence" in the application should extend to a like misstatement in the certificate naturally resulting therefrom. See *Brown* v. *Robinson*, 275 Mass. 55, 58. It could not have been ruled, therefore, that the registration of the automobile operated by the plaintiff was invalidated by reason of misstatement of the plaintiff's residence in the certificate of registration.

Even apart from the specific reference in the motion to the pleadings the action of the trial judge cannot be reversed if it was right on the pleadings. *Aldworth* v. *F. W. Woolworth Co.* 295 Mass. 344, 345. Though the answer did not allege that the automobile operated by the plaintiff was not legally registered, that fact could be shown under the allegation of contributory negligence, since the operation on a public way of an automobile not legally registered not only is a wrongful act independent of negligence, but also is evidence of negligence. *MacDonald* v. *Boston Elevated Railway*, 262 Mass. 475. *Balian* v. *Ogassin*, 277 Mass. 525, 530. In view, however, of the conclusion reached it is unnecessary to decide whether the action of the judge, considered in the light of the pleadings, was right on any other ground. See *MacDonald* v. *Boston Elevated Railway*, 262 Mass. 475, 477.

*Exceptions overruled.*