Ellen J. LeBlanc, administratrix, vs. The Cutler Company.

Middlesex.     February 9, 1939. — February 27, 1940.

Present: Field, C.J., Donahue, Lummus, Qua, & Dolan, JJ.

Motor Vehicle, Registration.   Evidence, Presumptions and burden of proof.   Words, "Mistake."

If the defendant in an action for injuries resulting from a collision of motor vehicles seeks to establish illegal registration of the plaintiff's vehicle, the defendant has the burden of negativing "mistake in the statement of residence of the applicant" for the registration within G. L. (Ter. Ed.) c. 90, § 9, as amended by St. 1934, c. 361.

Upon evidence of an application for registration of a motor vehicle in which the applicant gave the street and number but omitted the municipality in stating his "residential address," and stated that municipality as the place where the vehicle was "principally garaged" and gave the entire address in the insurance certificate, a finding was not required as matter of law that such omission was not a "mistake in the statement of residence of the applicant" within G. L. (Ter. Ed.) c. 90, § 9, as amended by St. 1934, c. 361, or that the registration was invalidated by the omission.

Tort.  Writ in the District Court of Marlborough dated August 12, 1937.

Upon removal to the Superior Court, the action was tried before Greenhalge, J.  There was a verdict for the plaintiff in the sum of $5,700, recorded in the circumstances described in the opinion.

J. E. Rice, (L. H. Bigelow with him,) for the plaintiff.

E. R. Langenbach, for the defendant.

Field, C.J.   This action of tort, brought in the Superior Court by the administratrix of the estate of James E. Le-Blanc, grew out of a collision on June 26, 1937, between a motorcycle owned and operated by him and a motor truck owned by the defendant, and operated by its agent or servant.  The declaration is in three counts, respectively, for the death of James E. LeBlanc, his conscious suffering and damage to his motorcycle.  It was agreed at the trial

that there was evidence tending to show that at the time of the accident he was in the exercise of due care and that the operator of the defendant's motor vehicle was negligent.

It was admitted at the trial that the correct residential address of James E. LeBlanc at the date of his application for registration of his motorcycle, June 7, 1937, was 34 Milham Road, Marlborough, Massachusetts. The certificate of registration of the motorcycle — which was introduced in evidence — contained the same residential address. The original application for registration with the insurance certificate attached was introduced in evidence. On this application the answer to question 11, "Massachusetts residential address," was "34 Milham Road." Question 11A, "Mail address, if different," was not answered. The entire answer to question 12, "Municipality, City or Town where vehicle is Principally Garaged," was "Marlboro, Mass." The residential address stated on the insurance certificate was "34 Milham Road Marlboro, Mass." An employee in the office of the registrar of motor vehicles testified, in substance, "that the application for registration together with the insurance certificate which is printed on the back of the application was on a single piece of paper from one end to the other without any perforation and that the name of James E. LeBlanc and address, as stated above, were typewritten in the insurance certificate."

At the close of the evidence the defendant moved for a directed verdict. "The court declined to act at that time on defendant's motion for a directed verdict subject to the defendant's exceptions and submitted the case to the jury under the following stipulation agreed to by the parties, to wit: — 'If upon the record the motorcycle of the plaintiff's intestate could have been found to have been legally registered, judgment to be entered for the plaintiff upon each count in the amount found by the jury; otherwise judgment to be entered on the verdict.'" The jury brought in a verdict for the plaintiff on all counts but the judge under leave reserved allowed the defendant's motion that a verdict be entered for the defendant. The plaintiff duly excepted.

As the case comes before us no question of pleading is presented. Since, however, the burden of proving that the motorcycle was not legally registered was on the defendant (*Conroy* v. *Mather*, 217 Mass. 91; *Faria* v. *Veras*, 298 Mass. 117, 119; *MacInnis* v. *Morrissey*, 298 Mass. 505, "the motorcycle of the plaintiff's intestate could have been found to have been legally registered" if a contrary finding was not required as matter of law. It is to be assumed that in making the stipulation as to the entry of judgment the parties contemplated that the question of law presented should be decided in accordance with the usual principles.

The basic facts are established: the actual residential address of James E. LeBlanc by agreement of the parties, and the form of the application by the records in the office of the registrar of motor vehicles. See *Dean* v. *Boston Elevated Railway*, 217 Mass. 495; *Crean* v. *Boston Elevated Railway*, 292 Mass. 226, 228; *MacInnis* v. *Morrissey*, 298 Mass. 505, 506. Apart from the provision that was added to G. L. (Ter. Ed.) c. 90, § 9, by St. 1934, c. 361 — which is considered later — these established facts, as matter of law, required a finding that the motorcycle was not legally registered, because the application for registration did not meet the statutory requirement that it "contain . . . a statement of the name, place of residence and address of the applicant." G. L. (Ter. Ed.) c. 90, § 2. A statement of the city or town in which the applicant resided was an essential part of that statement of his "place of residence." Incorrect statements as to the city or town of residence — apart from trifling inaccuracies (*Caverno* v. *Houghton*, 294 Mass. 110, 113) — and total omission of a statement of the "place of residence" have been held to invalidate an attempted registration. *Di Cecca* v. *Bucci*, 278 Mass. 15. *Ricker* v. *Boston Elevated Railway*, 290 Mass. 111, 113. *Crean* v. *Boston Elevated Railway*, 292 Mass. 226. *Brodmerkle* v. *Gorolsky*, 293 Mass. 517. *Lappanasse* v. *Loomis*, 297 Mass. 290, 293. *Gray* v. *Hatch*, 299 Mass. 105, 106. This principle governs the failure of the applicant in the present case to state the city of his residence. Without such a statement the statement of "place of residence"

was defective. And the defect was not corrected by the statement in answer to question 12 that the motor vehicle was principally garaged in "Marlboro, Mass." (*Gray* v. *Hatch*, 299 Mass. 105, 106), or by the complete statement of the applicant's residence address on the insurance certificate. *Crean* v. *Boston Elevated Railway*, 292 Mass. 226, 228.

By St. 1934, c. 361, entitled "An Act relative to the effect of certain misstatements in applications for registration of motor vehicles," etc., G. L. (Ter. Ed.) c. 90, § 9, was amended so as to provide that a "motor vehicle . . . shall be deemed to be registered in accordance with this chapter notwithstanding . . . any mistake in the statement of residence of the applicant contained in said application." The burden of negativing any such "mistake" in the application for registration of the motorcycle owned and operated by James E. LeBlanc was on the defendant as a part of its burden of proving that such motorcycle was not legally registered.

It could not have been ruled as matter of law — that is, a finding of fact was not required — that this burden was sustained. The defendant contends that the *omission* from the "statement of residence" (or, in the phrase of the application, "residential address") of the name of the city of residence of the applicant could not be a "mistake" within the meaning of the statute. We cannot agree with this contention — whatever might be true if no attempt whatever was made to state the "residence." It was said of the word "misstatements" as it appeared in the title of the earlier act (St. 1928, c. 187, amending G. L. c. 90, § 9), dealing with a like subject, that it was "a word of broader signification than 'mistake' in the body" of the act. *Brown* v. *Robinson*, 275 Mass. 55, 57–58. At any rate it does not restrict the meaning of the word "mistake." See *Lorain Steel Co.* v. *Norfolk & Bristol Street Railway*, 187 Mass. 500, 505. And it has been said of the word "mistake" as used in that act, as well as in the act now under consideration, that it "includes only complete honesty of purpose accompanied by blameless oversight or ignorance of facts."

*Brown* v. *Robinson,* 275 Mass. 55, 58. *MacInnis* v. *Morrissey,* 298 Mass. 505, 508. See also *Emeneau* v. *Hillery,* 282 Mass. 280, 284. This language, with other language, used in *Brown* v. *Robinson,* 275 Mass. 55, 58, and quoted therefrom in *Emaneau* v. *Hillery,* 282 Mass. 280, 284, imports that the conduct of the applicant in stating his residence, rather than the result as it appears on the application, constitutes the "mistake" to which the statute refers. Making an incomplete statement of residence may be as truly mistaken conduct on the part of the applicant as making an erroneous statement thereof. And without evidence other than the application for registration — where question 11 relating to the applicant's "residential address" is in close proximity to question 12 relating to the "Municipality, City or Town where vehicle is Principally Garaged," which was answered "Marlboro, Mass." — it cannot be ruled as matter of law that the applicant was not acting with "complete honesty of purpose accompanied by blameless oversight" when he made an application for registration of his motorcycle without including in his "statement of residence" contained in said application the name of the city in which he resided. Compare *MacInnis* v. *Morrissey,* 298 Mass. 505, 508.

The defendant does not contend that the registration of the motor vehicle was invalid on any ground other than that the application for registration thereof did not contain sufficient statement of the residence of the applicant.

It follows that the exceptions of the plaintiff are sustained and, in accordance with the stipulation of the parties, "judgment [is] to be entered for the plaintiff upon each count in the amount found by the jury."

                                        *So ordered.*