ROSE RUSSELL *vs.* BERTRAM H. HOLLAND.

Middlesex.     November 8, 1940. — May 28, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Motor Vehicle,* Registration. *Practice, Civil,* Auditor: findings; Exceptions: general exception. *Residence. Words,* "Residence."

A jury hearing a case upon the report of an auditor whose findings were not final and upon other evidence, while required to accept as true subsidiary findings by the auditor not contradicted by other evidence, is not obliged to accept his conclusions therefrom where other conclusions are warranted.

A conclusion that a woman living in another State had a residence with her son here sufficient for the purposes of registering an automobile under G. L. (Ter. Ed.) c. 90, § 2, was warranted by findings, among others, that she occupied a room fitted with her furniture in her son's house where she visited him regularly and for substantial periods, and kept her automobile, which she could not operate, at her son's house.

The giving, as the mailing address of the registrant of an automobile, of a residence which he had in this Commonwealth for purposes of

registration of the automobile under G. L. (Ter. Ed.) c. 90, § 2, did not as a matter of law render the registration invalid although his domicil was in another State, where a finding was warranted that, by use of the address given instead of that of his domicil, the identity of the automobile and its owner could be determined more readily by persons interested.

A general exception to a lengthy portion of a charge to a jury "having to do with a certain subject," without specification of particular passages deemed objectionable, was overruled.

TORT. Writ in the First District Court of Southern Middlesex dated April 9, 1936.

On removal to the Superior Court, the case was tried before *Swift,* J., and there was a verdict for, the plaintiff in the sum of $94.

*R. E. Kempton,* (*B. H. Stoodley* with him,) for the defendant.

No argument nor brief for the plaintiff.

DONAHUE, J. An automobile, owned by the plaintiff and operated by her son, was in collision on March 25, 1936, on a public highway in Holliston, with an automobile owned and operated by the defendant. The plaintiff brings this action to recover for resultant damage to her automobile.

The case was tried in the Superior Court and a jury returned a verdict for the plaintiff. It is now agreed that a finding was warranted that the defendant operated his automobile in a negligent manner, and that a finding that he was grossly negligent was not warranted. It is not now contended that the plaintiff's son was negligent in the manner in which he operated the plaintiff's automobile. The contention of the defendant is that the plaintiff's automobile was not at the time of the collision legally registered and that she therefore is not entitled to recover.

1. There was in evidence at the trial an auditor's report, whose findings were not made final by the rule appointing him. He found the following facts with respect to the registration of the plaintiff's automobile. The plaintiff supplied the money for the purchase of the automobile in June, 1935, and it was then registered in her name. "Her address given in the application was 'Union Street, Holliston, Mass.' which was the address of her son." In 1936 the car was

registered "in the plaintiff's name" giving the same address, "Union Street, Holliston."

The plaintiff formerly lived in Holliston and ran a boarding house, but seventeen or more years prior to the accident she married her present husband and shortly after moved elsewhere in Massachusetts. For ten or more years prior to the accident she lived with her husband in New Hampshire and kept boarders in her home. Three or four years before the accident the foreclosure of a mortgage on her son's house was threatened. The plaintiff took title to the house and, after paying the arrears on the mortgage, deeded it back to him. The plaintiff "had a room" in her son's house, furnished with her furniture, which she occupied when she visited her son. During the two years preceding the accident she visited him in Holliston three or four times each year. The length of such visits varied from one week to four weeks. She came to Holliston in the latter part of February, 1936, to make application for the registration of her automobile and between that time and July 10 came to Holliston three or four times.

The automobile was kept in Holliston. The plaintiff could not operate an automobile and when she wanted to leave New Hampshire for Holliston she would send word to her son and he would drive the automobile to New Hampshire and bring her to Holliston.

The auditor made the general findings that the plaintiff "had her residence" in New Hampshire "and did not have a residence in Holliston, Mass.," and that "the car was not properly registered in her name with the mail address given on the application as Union Street, Holliston, Mass." He found for the defendant.

The bill of exceptions states that the only other evidence at the trial before the jury pertinent to the questions raised by the bill of exceptions was certain testimony, given by the defendant on cross-examination, to the effect that after the collision he "found" the plaintiff's son at the son's home on "Union Street in Holliston" and thought that this was the address given to him by the son on the morning of the accident and the "address that was on the registration."

2. An auditor's findings of fact are *prima facie* evidence. Here no evidence contradicting the auditor's subsidiary findings of fact was introduced. The jury therefore was required to accept as true those subsidiary findings. The jury was, however, not obliged to accept the auditor's general findings that the plaintiff "did not have a residence in Holliston" and that the automobile "was not properly registered in her name with the mail address given on the application as Union Street, Holliston, Mass." The subsidiary findings of the auditor warranted the drawing of contrary inferences as to these matters. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 567, 568. *Lakeville* v. *Cambridge,* 307 Mass. 433, 436–437.

3. The statute required that the plaintiff's application for registration and her certificate of registration should contain her "name, place of residence and address." G. L. (Ter. Ed.) c. 90, § 2. The burden of proving that these requirements of the statute were not fulfilled was on the defendant. *Brodmerkle* v. *Gorolsky,* 293 Mass. 517, 518. It is not here contended that the plaintiff's "name" was not properly stated in the application and in the certificate. A "mistake" in the statement in an application or in a certificate as to the "place of residence" or the "address" of the owner of a motor vehicle does not invalidate its registration. G. L. (Ter. Ed.) c. 90, § 9, as amended by St. 1934, c. 361. *Emeneau* v. *Hillery,* 282 Mass. 280, 284. The record in this case, however, shows that the contention made by the plaintiff at the trial was not that there was "mistake" in the statement of her "place of residence" or her "address," but that she, in fact, had the "place of residence" and the "address" set out in the application and in the certificate, within the meaning to be given to the quoted words of the statute. This was the main issue tried before the jury.

4. The word "residence," which often appears in statutes, is a word of variant meaning. The meaning to be given to it depends on the context in which it appears, and it must be construed in the light of the purpose of the statute in which it appears and "the result designed to be

accomplished by its use." *Marlborough* v. *Lynn*, 275 Mass. 394, 396–397. *Cambridge* v. *West Springfield*, 303 Mass. 63, 67. It has been said that generally in statutes relating to taxation, voting and settlement the word "residence" means the same as domicil. *Stoughton* v. *Cambridge*, 165 Mass. 251, 252–253. But, "Cases arise in which there is a distinction between domicil and residence. A person may have a residence in one place for various reasons comparatively temporary in nature such as performing the duties of an office, transacting a business, seeking improvement in health, pursuing pleasure or visiting relatives, and yet have his permanent home or domicil in a different place." *Tuells* v. *Flint*, 283 Mass. 106, 109.

Among such cases are those which involve statutes, relating to an owner's registration of his motor vehicle, where the word "residence" appears. An owner of an automobile "may have a domicil in one place and a residence in another place at the same time." *Caverno* v. *Houghton*, 294 Mass. 110, 113. He may "have two places of residence within the Commonwealth," *Doyle* v. *Goldberg*, 294 Mass. 105, 108, or a place of residence within, and a place of residence without the Commonwealth. See *Avila* v. *DuPont*, 278 Mass. 83, 87. The determination of the place of residence of a person is commonly a question of fact. *Harnden* v. *Smith*, 305 Mass. 485, 487. *Doyle* v. *Goldberg*, 294 Mass. 105, 108.

The plaintiff was not merely a casual visitor at the home of her son in Holliston. Since the time when she had averted a foreclosure of a mortgage on her son's home, there was a room in his house fitted up for her occupancy with furniture which she owned. She occupied this room when in Holliston. Her visits were not short or merely occasional. She regularly visited at his home for substantial periods of time. She was there when she purchased the automobile and when it was registered in her name in 1935 and in 1936. She could not operate an automobile and it was obviously contemplated that her automobile would be kept in Holliston, would be operated by her son and mostly within this Commonwealth. When

she came to Holliston to occupy her room in her son's house she travelled in her automobile. Subsidiary findings of the auditor warranted a finding that "Union Street, Holliston, Mass." was in fact a "place of residence" of the plaintiff within the meaning of that phrase of the statute.

The terms of the plaintiff's application or of her certificate are not set out in full in the auditor's report. The statute provides that her "address" should be given, and the auditor apparently found that a statement of her "mail address" was required in the application and in the certificate. In either case it cannot be said that, as matter of law, the defendant sustained the burden of proving that the address given was improper. The purpose of the statute requiring a statement of "place of residence" and "address" in an application and certificate has often been said to be that a person interested in ascertaining the identity of a motor vehicle or of its owner, may readily do so. *Di Cecca v. Bucci*, 278 Mass. 15, 16. *Topf v. Holland*, 288 Mass. 552, 554. *Sanjean v. Hyman*, 302 Mass. 224, 226, and cases cited. On facts found by the auditor, a conclusion was warranted that the purpose of the statute was met by the statement in the application and in the certificate, that "Union Street, Holliston, Mass." was a "place of residence" and the "address" of the plaintiff, within the meaning of those words of the statute. It could be found that there she had a "place of residence." There lived her son who regularly operated the automobile and there the automobile was kept. A finding was warranted that the identity of the automobile and its owner could be determined more readily from the address given in the application and in the certificate by persons likely to be interested than if she had given the only other "address" which she could have given, that is, the address of her place of domicil in New Hampshire.

The present case is distinguishable in its facts from cases where the application or certificate fails to show the place of residence or the address of the registrant (*Crean v. Boston Elevated Railway*, 292 Mass. 226); and from cases where the application or certificate fails to state (*LeBlanc v.*

*Cutler Co.* 305 Mass. 283) or misstates (*Gray* v. *Hatch,* 299 Mass. 105) the municipality where the registrant lives; and from a case where, though the name of the street where the registrant lives is correctly stated in the application and certificate, a wrong street number is given and inquiry at that number would not disclose where the registrant could be found. *Lappanasse* v. *Loomis,* 297 Mass. 290. In the present case the application and the certificate stated the residence and the address of the plaintiff to be "Union Street, Holliston, Mass." There is nothing in the record to indicate the length of the street, or how many houses were on it, or that the house of the plaintiff's son or other houses thereon, if any there were, bore numbers.

5. There was no error in the refusal of the judge to give five rulings requested by the defendant. It was not necessary, as requests numbered 2 and 5 assume, that the plaintiff should have either a "permanent residence" or a "domicil" in Holliston in order to have a legal registration of her automobile in Massachusetts. The seventh ruling requested by the defendant was in effect that the plaintiff was a "non-resident" of this Commonwealth when her automobile was registered in 1936. The word "non-resident" where it appears in our automobile statutes means: "any person whose legal residence is not within the commonwealth." G. L. (Ter. Ed.) c. 90, § 1. The propriety of the plaintiff's registration of her automobile in Massachusetts did not depend on the place of her legal residence. The defendant's requests numbered 10 and 11 were, in substance, that if the plaintiff in her application for registration stated a residence which was "temporary," or, if Holliston was a "temporary" residence of the plaintiff when her automobile was registered, it was not legally registered. Without a definition of the meaning of the vague word "temporary," these requests were rightly denied.

The defendant took a general exception to the "entire section of the judge's charge having to do with domicil, residence and occupancy." The section of the charge referred to covers several pages in the printed record. The

defendant did not specify any particular portions of the charge which he deemed objectionable. Such an exception should not be sustained. *Mitchell* v. *Lynn Fire & Police Notification Co. Inc.* 292 Mass. 165, and cases cited. *O'Connor* v. *Benson Coal Co.* 301 Mass. 145, 150, 151. *Kingsbury* v. *Terry*, 300 Mass. 516, 518–519.

*Exceptions overruled.*