Hibbard, P. J.
The material part of the finding by the Trial Court is as follows:
‘ ‘ This is an action of tort in which the plaintiff, Roswell W. Andrews seeks to recover compensation for *249 damage to his automobile as the result of a collision with the defendant’s, Harold Petrie, automobile at the intersection of Sagamore Road and Park Avenue, in the City of Worcester, on December 12th, 1941, about 6.30 A. M. The plaintiff alleges in Count One of his declaration of negligence on the part of the defendant, and the second count of his declaration alleges improper registration of the said defendant’s automobile.
“The defendant’s answer is a general denial and a plea of contributory negligence.
“I find that about 6:30 A. M. on December 12, 1941, the plaintiff ’s automobile was operated by one Norman Gaboury, with the consent of the plaintiff, at the intersection of Sagamore Road and Park Avenue, in said Worcester, and that the said Gaboury was in no way engaged in the business of the plaintiff or for his benefit.
“I find that the operator, Gaboury, proceeded easterly on Sagamore Road to Park Avenue, that as he entered Park Avenue he stopped and looked to the left and right and saw no cars at his right; that while he was stopped a car coming from his left proceeded on Park Avenue in front of him; that he then entered Park Avenue and drove across the intersection; that when almost across said intersection the collision took place. That he did not see the defendant’s automobile or any lights on it at the time the collision took place; that it was dark at the time but the street lights were lighted.
“I find that the front of the plaintiff’s car which the said Gaboury was operating struck the left side of the defendant’s car. Other occupants of the plaintiff’s car at the time of impact or any time prior thereto did not see the defendant’s automobile.
“I find that the defendant at the time of the accident lived with an uncle on Austin Street, in Worcester, and was working at the Norton Company. He was going to work when the accident occurred and was driving at a reasonable rate of speed from Austin Street to the scene of the accident, a distance of about a mile and a half.
“I find that the defendant first saw the plaintiff’s automobile at Sagamore Road about to enter Park Avenue and that it was stopped; that he then proceeded *250 across the intersection cautiously operating his motor vehicle at a reasonable rate of speed and did not see the plaintiff’s motor vehicle again until the moment of the collision.
“I find that the defendant’s automobile was registered in the State of Maine and not in the Commonwealth of Massachusetts; that the defendant came to Worcester in September, 1941, and that at that time his wife remained living at their home in Princeton, Maine.
“I find that at the time of the accident the defendant had not and has not since become a voter of Worcester, and has not been assessed a poll tax in Worcester, and that his furniture and household belongings were in his house which he owned in Princeton, Maine.
“A stipulation was filed in Court and agreed to by the parties stating that at the time of the accident the defendant maintained in full force and effect a policy of liability insurance covering the operation of his automobile in Massachusetts to the limits stated in G. L. (Ter. Ed.) Chapter 90, Section 34A.
“I find that the operator, Gaboury, of the plaintiff’s car had ample opportunity and light to observe the defendant’s motor vehicle going'north on Park Avenue (a wide thoroughfare) at which time the defendant’s car was rightfully on .its own side of the road and properly operated by the said defendant.
“I find that when thg defendant saw the plaintiff’s car stopped at the intersection (to his left) he proceeded carefully and at ordinary rate of speed, across the intersection. His automobile was then and there struck on its left side by the front end of the plaintiff’s car.
“I find that the defendant operated his automobile under the circumstances in a careful and prudent manner and on the evidence find that he was free from negligence in contributing to the accident.
“At the time of the accident the defendant was living in Worcester, Mass., which he designated as his home while engaged in work in said Worcester, that his wife lived in Maine and his household effects were also there, that he intended to remain in Worcester only so long as his job lasted.
“I find that the defendant’s legal residence was not within the Commonwealth but in Maine and from all the *251 facts find that the defendant’s automobile was not illegally registered at the time of the accident.
“Therefore, on all the evidence, I find for the defendant on Counts one and two.”
The plaintiff seasonably filed nine requests for rulings of which the fourth and ninth were denied. They were as follows:
“IV. If the Court finds that the defendant was domiciled within the Commonwealth at the time of the accident, the defendant’s car must be held to have been illegally registered. IX. If the defendant was a nonresident at the time of the accident, then the plaintiff is entitled to recover on the facts of this case.”
The defendant seasonably filed ten requests for rulings of law of the following tenor:
“1. As a matter of law on all the evidence there is no evidence of negligence on the part of the defendant and therefore the plaintiff cannot recover on Count One of his declaration. 2. As a matter of law on all the evidence there is no evidence that the defendant’s motor vehicle was not properly registered for use upon the highways of this Commonwealth and therefore the plaintiff cannot recover on Count Two of his declaration. 3. As a matter of law on all the evidence a finding for the defendant is warranted on Count One. 4. As a matter of law on all the evidence a finding for the defendant is warranted on Count Two. 5. As a matter of law on all the evidence a finding for the plaintiff on Count One is not warranted. 6. As a matter of law on all the evidence a finding for the plaintiff on Count Two is not warranted. 7. As a matter of law on all the evidence there is no evidence of negligence on the part of the defendant. 8. As a matter of law on all the evidence the plaintiff was contributorily negligent. 9. As a matter of law on all the evidence the defendant was a non-resident as defined in G. L. (Ter. Ed.) c. 90, s. 1. 10. As a matter of law on all the evidence the defendant was entitled to the privileges of a nonresident under G. L. (Ter. Ed.) c. 90, s. 3.”
*252 The Court took no action with respect to these requests but that numbered eight was waived by the defendant. The plaintiff brings the report, claiming to be aggrieved by the finding for the defendant, refusals to rule as requested by the plaintiff in his requests numbered four and nine and by the failure of the Trial Court to take any action upon the defendant’s requests.
The Trial Court found that the defendant was not negligent. This finding cannot be disturbed if justified by the evidence and the inferences to be drawn therefrom. The findings by the Trial Court are definite, they are supported by the evidence and therefore the specific finding that the defendant was not negligent must stand.
This leaves for consideration the question whether the defendant’s car was properly registered.
The answer to this question depends upon whether the defendant was a non-resident as defined in General Laws, Chapter 90, section 1, namely “a ‘non-resident’ is any person whose legal residence is not within the Commonwealth. ’ ’
The determination of the place of residence of a person is commonly a question of fact. Russell v. Holland, 309 Mass. 187, 191. While this case is not analogous as the question was whether the plaintiff’s car was properly registered in Massachusetts, the opinion is useful in the instant action.
We do not find it necessary to decide whether legal residence and domicile are synonymous terms. The evidence supports the finding by the Trial Court that the defendant was a non-resident. The undisputed evidence of the defendant was “that he obtained employment at the Norton Company in September in 1941; that he roomed with his uncle from then on until after the date of the accident; that his uncle lived on Austin ¡Street in Worcester; that during this period from September until the accident on December *253 12,1941, Ms car was registered in Maine; that he maintained his home in Maine; that Ms furniture was in Maine; that his wife was in Maine; that he paid taxes in Maine; that he was a voter in Maine; that he simply roomed in Worcester with his uncle; that he intended to remain in Worcester only so long as there was a job available at the Norton Company which was engaged in war work; that he always had and maintained his home in Maine.”
From this evidence it could, as has already been indicated, have been found the defendant had a legal residence in Maine. In fact the plaintiff in Ms brief says that “he (the defendant) was a voter and taxpayer in Maine where he kept his furniture and where his wife lived. ’ ’
If the question were whether the defendant had a residence in Worcester which would permit the registration of his car in Massachusetts, the answer might well be in the affirmative. It cannot be that under present conditions of employment, the many persons coming into Massachusetts for work automatically lose their legal residence elsewhere. The maintenance of an insurance policy gave the statutory protection in this Commonwealth. Its registration in Maine met the other requirement of identification.
The fourth and ninth of the plaintiff’s requests might well have been given. Their denial was not prejudicial as it is clearly indicated the Trial Court found that the defendant was not a legal resident in Massachusetts. While the practice of non action upon requests filed by a party is not to be commended, we find no prejudicial error in the implied denial of those filed by the plaintiff in this case.