KENISTON, C. J.
dissents. I am unable to concur with the conclusion reached by the majority of the justices in this case.
It seems to me that the wording of that portion of G. L. (Ter. Ed.) c. 118A, § 4A as inserted by St. 1941, c. 729, § 5 and as amended by St. 1948, c. 581, § 3 now in question, namely that: “A person shall be liable in contract to any town for expenses incurred by it under this chapter for assistance rendered to such person under this chapter if such person is in possession of funds not otherwise exempted,-” is clear *[116] and allows for no other construction than that the town may recover for all expenses whether paid to the recipient before or after the recipient has come into possession of funds not otherwise exempted.
William H. Kerr and H. F. Cicchetti, for the Plaintiff.
John J. Sheehan, for the Defendant.
Statutes are “to be construed according to the common and approved usage of the language considered in connection with the cause of its enactment, the preexisting state of the law, the mischief to be remedied and the main object to be accomplished.” Brown v. Robinson, 275 Mass. 55, 57; Duggan v. Bay State St. Ry., 230 Mass. 370, 374; Selectmen of Topsfield v. State Racing Commission, 324 Mass. 309, 312, 313.
This construction would seem to be confirmed by the history of this amendment which was first passed as section 5 of chapter 729 of the Acts of 1941 in almost the identical wording of section 5 of chapter 117 and following the decision in Worcester v. Quinn, 304 Mass. 276 where it was held that in the absence of any provision in chapter 118A of the General Laws similar to section 5 of chapter 117 a town could not recover for payments to the recipient of old age assistance if the recipient came into possession of funds except under the general law in cases of accident, fraud or mistake.
' It does not seem to me that it can be said that St. 1941, c. 729, § 5 as later amended by St. 1948, c. 581, § 3 was intended merely at a codification of the law prior to the passage of said § 5. Rather it should be presumed that the act was passed to remedy an existing difficulty or imperfection in the law. Duggan v. Bay State Street Railway, 230 Mass. 370, 374; Brown v. Robinson, 275 Mass. 55, 57.
I am unable to discover that the provisions of G. L. (Ter. Ed.) c. 118A, § 4A as inserted by St. 1948, c. 581, § 3 are in conflict with or inconsistent with the provisions of the Federal Old Age Assistance Act. See U.S. Code Supp. III (1946 Ed.) chap. 7, sub-chapter 1, sections 301-306. See Amend. U.S. Statutes 1946, chap. 468, sec. 3(a) 62 Stat. 439.
In my opinion there was no error in ordering a finding for the full amount of the old age assistance payments.