*Northern District*

No. 7826

**JULIAN SOSHNICK**

v.

**JAMES H. O'CONNOR and/or
JAMES H. O'CONNOR d/b/a
CAMBRIDGE CLINIC**

Argued: July 27, 1972 - Decided: Jan. 23, 1973

*Present:* Cowdrey, P.J., Flaschner, J.

Case tried to *Parker, J.* in the Third District Court of Eastern Middlesex. Date of decision January 19, 1972. No. 4517 of 1971.

**Cowdrey, P.J.** This is an action of contract to recover for personal services rendered.

. The issue presented is raised by the defendant's answer in abatement, filed specially, denying jurisdiction of the court for the reason that at the time of the alleged service on him, he was not a resident of the Commonwealth and had never been personally served with process.

The officer's return on the writ indicated service was made on September 16, 1971, "by leaving an attested copy of this writ at his last and usual place of abode 374 Cambridge Street, in Cambridge in said County."

The court sustained the answer in abatement, which ruling we think was correct.

The trial justice made special findings of fact as follows: "The defendant was the manager of the Cambridge Clinic located at 374 Cambridge Street, Cambridge for several years and that he left early in June 1971, took his household belongings and family and moved to California, and when last heard from was in California. There was no evidence presented as to the defendant's address in California.

"The defendant for many years had been the medical director of a clinic located at 374 Cambridge Street, Cambridge, and that he resided in an upstairs apartment in the clinic building at the same address, and at the time he left he was removed from the payroll of the clinic.

"The defendant was a resident and domiciled in Cambridge in the early part of June

1971 when he left for California with his family and was from then on and no longer a resident in Massachusetts.

"At the time of service of the writ the defendant was not a resident of the Commonwealth."

The plaintiff seasonably filed requests for rulings as follows:

1. Upon all of the evidence and as a matter of law, the defendant has not acquired a new domicile.

2. To acquire a new domicile the defendant must at sometime be in a place with a bona fide intention of making such a place a permanent home.

3. The defendant by moving his household goods and family from Cambridge Street, in Cambridge, Massachusetts, did not acquire a new domicile.

4. The moving of the defendant's goods and family from 374 Cambridge Street in Cambridge, Massachusetts, is not evidence of his going to a new domicile with a fixed purpose of remaining there and with no intention to return to his former residents.

5. The burden of proof to show change of domicile is on the defendant.

The trial justice denied request numbered 1 as immaterial indicating the question was not one of domicile but residence. The remainder of the requests were denied as immaterial.

The plaintiff argues that domicile is equated

with "last and usual abode" and not with residence, and that the defendant, on the evidence, acquired no new domicile or abode and therefore the domicile he had in Cambridge remained his last and usual abode. We cannot subscribe to this position.

In *Rummel* v. *Peters,* 314 Mass. 504, 511 the court said "a person may have more than one 'regular place of abode' or residence" citing *Avila* v. *DuPont,* 278 Mass. 83, 87 and *Russell* v. *Holland,* 309 Mass. 187, 191.

In *Bay State Wholesale Drug Co.* v. *Whitman,* 280 Mass. 188 at 195, where service was made at the "last and usual place of abode," the court stated "If the defendant was a non resident at the time of the service of the original writ . . . . . no judgment could be rendered against him." See also *Rogos* v. *Liberty Mutual Insurance Co.,* 305 Mass. 186.

It is apparent that service on the defendant by leaving the summons at a place described therein as his last and usual place of abode, when in fact, as found by the court, such place was not his residence, conferred no jurisdiction on the court.

**The report is dismissed.**

Sumner Z. Kaplan
  for Plaintiff
Pro se
  for Defendant