Rollins, J.
This is an action of tort arising out of a collision of automobiles. The sole question presented is whether the plaintiffs’ automobile was legally registered.
The plaintiffs were co-partners, who, under the firm name of Franklin & Perkins had been doing business in the city of Brockton for about 25 years.
The trial court found “that the plaintiffs’ automobile was not legally registered owing to the answers to questions 9, 10, 11 and 11A in the motor vehicle application.” These questions and answers are as follows:
Question 9 — “Is this vehicle owned by you individually? (Answer yes or not) ” — No answer was given to this question. “Or is it owned jointly”— (Answer *176 was “ ”) “Or by a co-partnership” (Answer was “ ”) “Association” (no answer was given) “Or a corporation” (no answer was given.)
Question 10 — “If owned jointly or by a concern give the name and address” (Answer — “Franklin & Perkins, 148 North Montello St., Brockton, Mass.”)
Question 11 — “Massachusetts residential address or place of business, if concern. (If non-resident, give legal address also).” (No answer was given to this question.)
Question 11 A — “Mail address if different, (Not place of employment)” (Answer “Franklin and Perkins, 148 North Montello St., Brockton, Mass.”)
A copy of the application made upon a blank printed by the Registrar of Motor Vehicles was attached to the Report and made a part of it.
At the top> of the certificate of the insurance company, which is printed upon the same sheet of paper as the application and which bears the printed directions “do not detach” appears in typewriting the following:
“.Print name — Franklin & Perldns. Residential address — 148 No. Montello Street, Brockton, Mass.”
The defendant seasonably filed the following request for ruling:
“If the court should find that the application offered by the defendant is the application covering the vehicle of the plaintiffs then the court should rule that the plaintiffs’ vehicle was illegally registered.”
The court found as a fact that the registration of the plaintiffs’ automobile was based upon the application, granted the above request for ruling and found for the defendant.
The plaintiffs, claiming to be aggrieved by the granting of the defendant’s request, the case was reported to this *177 court under the stipulation of the parties that if as a matter of law the registration was legal upon the facts as stated in the Report, then judgment is to be entered for the plaintiffs in the sum of $75 damages and taxable costs, otherwise the Report is to be dismissed.
The dominant purpose of registration is to secure identification of the owner in the event of accident or wrong doing. Nichols vs. Holyoke St. Ry., 250 Mass. 88, 91, Sonjean vs. Hyman, Mass. Adv. Sh. (1939) 157, 158.
G. L. Chap. 90, Sec. 2 requires that the application for registration of a motor vehicle shall contain, in addition to other particulars “a statement of the name, place of residence and address of the applicant.” Section 9 of that chapter provides “a motor vehicle .... shall be deemed to be registered in accordance with this chapter notwithstanding any mistake .... in the statement of residence of the applicant contained in (the) application or certificate.”
In the instant case there was no answer to Question 11— “Massachusetts residential address, or place of business, if concern”; that is, the space after this question on the application was left blank.
But an answer to this question is found in other parts of the application. Question 10 read “If OAvned jointly or by a concern give the name and address.” The ansAver was “Franklin and Perkins, 148 No. Montello Street, Brockton, Mass.” The “address” called for in this answer is evidently the place of business of the concern.
Attention is further directed to the fact that in the certificate of the insurance company, a part of which is quoted above, it appears unmistakably that the “residential address” is No. 148 No. Montello Street, Brockton, Mass., the same address as given in answer to Question 10. The information contained in the certificate of the insurance company may be considered in the determination of the question *178 of whether the “residential” address has been given. Sanjean, vs. Hyman, Mass. Adv. Sh. (1939) 157, 158.
The sole reason given by the trial judge for finding the registration illegal was that the application did not disclose the “residential” address of the applicant.
Without considering, for the moment, the provisions of Cr. L. (Ter. Ed.) Chap. 90, Sec. 9 as amended by St. 1934 Chap. 361, we are of opinion that the plaintiffs ’ automobile was properly registered. The application contained a statement of the “residential address” of the plaintiffs. Evidently the Registrar of Motor Vehicles so determined it, for it must be concluded that a certificate of registration was issued and that it was sent to No. 148 Montello Street, Brockton, Mass., the only address of the applicant appearing on the application or on the certificate of the insurance company.
The only ambiguity in the application arises from the omission to answer question 11 and the fact of answering Question 11 A. The contention is that an answer to the latter question — “Mail address, if different,” necessarily infers that No. 148 North Montello Street is different from the “residential address.” We believe that the ordinary person would, without difficulty, reasonably conclude from an inspection of the entire application that the plaintiff’s residential address was No. 148 No. Montello St., Brockton, Mass. In our opinion the ambiguity which arises upon a close inspection of the application is dissolved by the fact that only one address is given throughout. Nothing appears on the application which would lead the ordinary person to direct a communication to any address other than the only one stated. The purposes of the statute have been satisfied. “Variations from the literal terms of the statute not affecting in material particulars this purpose do not *179 invalidate the registration.....” Topf vs. Holland, 288 Mass. 552, 554.
Furthermore, G. L. (Ter. Ed.) Chap: 90, Section 9 as amended by St. 1934, Chap: 361, the pertinent parts of which are above quoted, is decisive of the question. The only doubt of its applicability lies in whether the omission in the present case is a “mistake” within the meaning of the statute. We believe that the omission to answer question 11 directly, was a “mistake.”
It is true that under some circumstances an omission may be a very different thing from a mistake, but under the circumstances of this case an omission to give an address was less harmful than the giving of an erroneous address. A “mistake” is “some unintentional act, omission or error”. Bouvier’s Law Dictionary, 3rd Revision. In Brown vs. Robinson, 275 Mass. 55, 58, the court in interpreting this section as it relates to a mistake in the engine, serial or maker’s number said:
“An unconscious forgetfulness of facts which have come to the owner’s knowledge and attention, resulting in an innocent failure to cause correct registration to be made, is a mistake within the meaning of said Chap. 187 (now G. L. Chap. 90, Sec. 9). This excludes wilful omission, intentional failure, or conscious inattention to procure correct registration. It excludes every element of design.....It includes only complete honesty of purpose accompanied by blameless oversight or ignorance of facts. According to this interpretation the statute becomes a workable piece of legislation affording a shield to the innocent and careful, and to no others.” And see Emeneau vs. Hillery, 282 Mass. 280, 284.
The court has given this same meaning to “mistake” when applied to “Residential Address”. McInnis vs. Morrissey, Mass. Adv. Sheets (1937), 1559, 1561.
*180 The applicant in the instant case is protected by. G. L. 'Chap. 90, Sec. 9 as amended. The application displays his “complete honesty of purpose accompanied by blameless oversight.” It is a situation for which the legislature, intended to provide. It follows that the application was .sufficient and the plaintiffs’ motor vehicle was properly registered.
The allowance of the defendant’s request for rulings was prejudicial error and under the stipulation, judgment must be entered for the plaintiffs in the sum of $75 damages and taxable costs.