M. WELLS BRIDGE *vs.* CONNECTICUT MUTUAL LIFE INSUR-
ANCE COMPANY.

Worcester.     October 1, 1890. — October 24, 1890.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Life Insurance — Assignment of Policy — Laches.*

A policy of life insurance, stipulating that no assignment of the same should be valid unless indorsed thereon, was assigned by a paper writing slightly glued to the policy. The assignee, upon reassigning a partial interest, returned the papers in this condition to the assured, who, after the paper had been removed, surrendered the policy. The company, which had no notice of the assignment, thereupon issued a paid up policy, which was assigned to one who took it in good faith and for value. *Held,* that the assignee of the original policy was guilty of laches such as would bar his claim to the proceeds as against the assignee of the paid up policy.

CONTRACT, brought by the administrator of the estate of Frank W. Wheeler for the benefit of Nelson W. Holden and Horace M. Hedden, upon a policy issued by the defendant upon the life of the intestate. The defendant admitted its liability, and paid the amount of the policy into court, and Hoyt H. Wheeler intervened as claimant of the fund. In the Superior Court, *Dunbar,* J., who tried the case without a jury, found for the plaintiff; and the claimant alleged exceptions. The facts appear in the opinion.

*J. A. Titus,* for the claimant.

*W. B. Harding,* ( *W. E. Sibley* with him,) for the plaintiff.

W. ALLEN, J. The policy sued on is dated July 31, 1880, and was duly assigned, under date of August 1, 1880, to Holden and Hedden, for whose benefit the action is brought by the plaintiff, the administrator of the assured. Under the St. of 1886, c. 281, the defendant brought the amount due into court, and dropped

out of the case, and Wheeler came in as claimant of the fund; and the proceeding is now between him, on the one hand, and Holden and Hedden, on the other, to determine which of them has the equitable interest in the fund, the legal title to which is in the plaintiff as administrator.  The assignment to Holden and Hedden was upon full consideration, and was taken by them in good faith, and without notice of the claim of Wheeler, who was the assignee of a former policy, upon and in consideration of the surrender of which the policy in suit was issued.  The court found that Wheeler was guilty of laches; and the real question is whether the facts stated in the exceptions are sufficient to sustain that finding.

The original policy was dated August 4, 1870, and was for five thousand dollars.  The first assignment to Wheeler was of the interest of the assured in the policy, one thousand dollars of which had been assigned to another person; two or three years later, the latter assignment was released; and a week or two after that, in April, 1875, a new assignment of the entire policy was made, and sent with the policy to Wheeler.  In September, 1878, Wheeler reassigned to the assured all but two thousand dollars of the policy, and sent the policy with the assignment and reassignment to him.  This was nearly two years before the policy was surrendered.  There was correspondence in regard to the matter, but all that was put in evidence was a letter written to Wheeler by the assured, dated three days before the policy was sent, in which he says : " Yours is just at hand, and in reply I will say, I don't want to surrender the policy if I can help it, and if you will release four thousand dollars of it I can arrange the payment and keep it along, I think, or you may release three thousand dollars, and that will leave you the two thousand; if you release the four thousand, it will leave you more than the paid up policy, and I would like to have you release to me three or four thousand of the policy and send the policy to me, and I will keep it all straight for you and myself.  I am anxious to keep the policy in force, for I could not get a policy now.  I hope you will send it at once, for the premium is now over one month past due.  I will assure you that it shall be all right."  When Wheeler sent the policy and the reassignment of all but two thousand dollars of it, in accordance with this request, he had

reason to believe that the assured intended to use it in some way for raising money. No notice was given to the insurance company, and it does not appear that there was any further communication between the parties in regard to it, or any inquiry concerning the use made of it, before the death of the assured, in November, 1888.

The policy contained the provision that no assignment of it should be valid unless made in writing indorsed thereon, and there was nothing in the policy to show that assignments not indorsed, or assignments of partial interests in a policy, would be recognized by the company. Wheeler was not the assignee of the policy when he returned it to the assured, but of a partial and minor interest in it, and that fact is pertinent in respect to the precautions proper to be taken against the acceptance by the company of its surrender without notifying him. There was a less danger that the company would accept the surrender of a policy from an assured, who had no interest in it, and had made a valid assignment of it, than from one who held the major interest in the policy, and who had made an assignment of a minor interest without its consent.

The assignment to Wheeler was not written upon the policy, but upon a separate piece of paper, which was, as the bill of exceptions states, attached " to the said policy with gluten on the upper edge of the assignment." The reassignment to the assured was also on a separate piece of paper from the policy. The papers were returned to the assured by Wheeler in this condition. When the policy was presented for surrender, the paper had been removed from it, and it does not appear that there was anything in the appearance of the policy to put the insurance company on inquiry, and the company had no knowledge, and no notice, actual or constructive, that there was any assignment of the policy. It cannot be said that the fact that a paper containing a written assignment had formerly been attached to the back of the policy was constructive notice. The insurance company in accepting the surrender of a policy, could not be expected to look for an assignment, except as indorsed on the policy. Wheeler put the policy into the hands of the assured with no assignment written upon it or indorsed upon it, except as it was written upon a separate paper attached to the

back of the policy in such a manner that it could be removed. The question is not whether the assignment was indorsed upon the policy so as to be valid as against the company, — we express no opinion as to that, — but whether the claimant was in fault in giving the opportunity for a fraud, from which he or a party not in fault must suffer.

We think that the court properly refused to give the particular rulings asked, which were, in substance, that the claimant had not been guilty of laches, and that the plaintiff had no title as against him; and that there was sufficient evidence to sustain the findings of the court that the claimant was guilty of laches.

*Exceptions overruled.*