### SAMUEL H. HELLEN *vs.* CITY OF BOSTON.

Suffolk.    January 14, 1907. — March 1, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Assignment.    Municipal Corporations.*

It is no notice of an assignment of a claim against a city for work done and materials furnished, for which an action was pending when the assignment was made in which the assignor afterwards obtained a judgment against the city, that the assignee left the assignment at the office of the city clerk to be recorded as an assignment of future earnings under R. L. c. 189, § 34, and asked a subordinate in the office of the city clerk "to get the notice to the city treasurer," that the subordinate sent to the city treasurer a card with a notice of the assignment in the manner used for notices of assignments of wages, and that the card was received in the office of the city treasurer by the subordinate accustomed to receive notices of assignments of wages; and, after the doing of these things, a payment of the amount of the judgment to the assignor made by the city in good faith releases the city from all obligation to the assignee.

CONTRACT by Samuel H. Hellen, claiming under an assignment from James L. Bryne and Company, for an amount due to the plaintiff's assignors for materials furnished and labor performed under a contract with the defendant for which they recovered a judgment against the defendant after the making of the assignment to the plaintiff, it being alleged that due notice of the assignment was given to the defendant and that it was recorded with the records of assignments of wages.    Writ in the Municipal Court of the City of Boston dated January 31, 1906.

On appeal to the Superior Court the case was tried before *Pierce,* J., without a jury.    The judge refused to rule that the plaintiff, as a matter of law, was entitled to a finding in his favor, and ruled that no sufficient notice of the assignment had been given by the plaintiff to the city.    He found and ordered judgment for the defendant ; and the plaintiff alleged exceptions.

*S. H. Tyng,* for the plaintiff.

*P. Nichols,* for the defendant.

KNOWLTON, C. J.    James L. Bryne and Company had a contract with the defendant to perform certain work, and, a dispute arising as to the amount due, an action was brought by the contractor in November, 1900.    Trial was had on June 15, 1904,

and resulted in a finding for J. L. Bryne and Company for part of the disputed account. They moved for a new trial, but subsequently withdrew their motion, took out execution and collected the judgment. Meanwhile J. L. Bryne and Company, without the knowledge of their attorneys, or of any of the defendant's attorneys or officials, had, on January 6, 1904, assigned the claim to the plaintiff in this case. This plaintiff concealed the assignment during the trial, at which he was present, and never notified any of the counsel in the case, but, on July 6, 1904, attempted to record his assignment as an assignment of wages or future earnings, under the R. L. c. 189, § 34. The property assigned was described as follows : " The following described account, viz : all monies due us on suit now pending in Superior Court, Suffolk Co., and all and whatever sum or sums of money now due and coming due to us from the City of Boston in the Commonwealth of Massachusetts."

The city having paid the judgment in good faith, the plaintiff brought this action, and the only question is whether what occurred when he left the assignment for record constituted notice to the city of the plaintiff's claim.

The plaintiff handed his assignment to a subordinate clerk in that part of the office of the city clerk in which assignments of wages are recorded, together with the usual fee. Thereupon the subordinate stamped on the back of the assignment, this, " Office of City Clerk. Rec'd July 6, 1904, 2 & 28 P. M., Boston, Mass." The city clerk also made the following certificate at the bottom thereof, " City of Boston. July 6, 1904. 2 & 28 Min. P. M. Received and entered with the records of the Assignments of Wages Vol. 82, page 221. Edward J. Donovan, City Clerk."

It is plain that this was not notice to the city of the assignment of the claim on which the Superior Court had made a finding. The only authority of the subordinate clerk, or of the city clerk, in regard to matters of this kind, was to record assignments of future earnings. The subordinate clerk was approached and requested to act officially merely as a recording officer. It was not his duty to receive notices in behalf of the city that should affect the city's financial action or its liability. The city clerk himself, presumably, knew nothing of the matter except

that what appeared to be an assignment of wages had been received and recorded in the usual way.

The plaintiff testified that when the subordinate took the assignment for record he asked him " to get the notice to the city treasurer," and the subordinate said he would notify him; that, being asked in what way he did it, he replied, " I notify through that chute," and said " I will see that he has notice inside of two minutes "; that thereupon, following the custom in the office of sending notice to the city treasurer of the recording of assignments of wages when the wages were due from the city, the subordinate filled out a card as follows:

<div style="margin-left:2em">

" Notice of Assignment.

| | |
|---|---|
| Assignor. | James L. Bryne & Co. |
| Date of record. | July 6, —04. |
| Assignee. | Samuel H. Hellen. |
| Expires. | |
| Department. | |
| Remarks. | Suit now pending in Superior Court, Suffolk Co. |

" J. W. C.

for City Clerk."

</div>

This card was duly received in the office of the city treasurer by the subordinate who was accustomed to receive notices of assignments of wages. It was not contended by this plaintiff that the subordinate had any authority to bind either the city clerk or the city treasurer, but only that he volunteered to act in behalf of the plaintiff, in transmitting the card to the office of the city treasurer. Execution was taken out soon afterwards in the original action, and was presented to the city treasurer, who paid it to the attorney of the plaintiffs in that action, and satisfaction was indorsed thereon. The money was paid over to Bryne, one of the plaintiffs in that action.

The question, therefore, is whether the card, transmitted in this way, was notice to the city of the plaintiff's ownership of the claim in question. This card purported to relate only to the assignment of future earnings. It was received, in the usual way, from the clerk in the city clerk's office who had in charge the recording of such assignments, and it came to a subordinate clerk in the city treasurer's office who had such matters in

charge there.   There was nothing about it to put any one on inquiry as to any matter except the matter of future earnings from the city.   So far as appears, this claim was not of a kind that called for such a record, and the card would not direct the subordinate who received it, or any one who should observe it, to such a claim.   We are of opinion that the judge was right in ruling that the plaintiff failed to bring home to the city knowledge of his title, such as to require it to refuse to pay the execution to the attorney of Bryne and Company, who obtained the judgment.

*Exceptions overruled.*