JACOB RABINOWITZ *vs.* PEOPLE'S NATIONAL BANK.

Suffolk. January 12, 1920. — February 26, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Contract,* Implied. *Assignment,* Of chose in action. *Notice.*

An assignee of a right of action upon an account for goods sold, who gave no notice of the assignment to the debtor, cannot maintain an action for money had and received against one to whom his assignor, after the assignment to him, for a valid consideration assigned the same right of action and who, in good faith and without knowledge of the first assignment, in his own right as assignee received the amount of the debt from the debtor.

CONTRACT, with a declaration, as amended, in two counts, the plaintiff alleging in the first count that one I. Cohen, doing business under the firm name and style of Supreme Skirt Company, assigned to him in writing certain accounts receivable, in number thirty-six, and that thereafter the defendant collected the accounts and retained the proceeds thereof, refusing to pay them to the plaintiff. The second count was for money had and received by the defendant to the use of the plaintiff. Writ in the Municipal Court of the City of Boston dated February 15, 1918.

On removal to the Superior Court the action was tried before *Bell,* J. The material evidence is described in the opinion. At the close of the evidence, by order of the judge, the jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*S. T. Lakson,* for the plaintiff.

*Lee M. Friedman,* for the defendant.

CARROLL, J. On September 13, 1917, one Cohen assigned certain accounts which were then due him for goods sold, to the plaintiff as security for a loan of $1,000, of which $573 has been paid. No notice was given the debtors of this assignment. On October 4, 1917, Cohen assigned the same accounts to the defendant, as security for a loan which he then obtained; the defendant collected $600 on the accounts. This action is for money had and received to recover $427. In the Superior Court there was a directed verdict for the defendant, and the plaintiff excepted.

Although the assignment to the plaintiff was earlier in time than the one to the defendant, the plaintiff cannot recover for money had and received. There was a valid consideration for the later assignment. It does not appear that the defendant knew of the one to the plaintiff and there is no suggestion of bad faith; it did not receive the money as the plaintiff's agent or in his behalf; it was received in its own right as the assignee of the chose in action. An action for money had and received lies to recover money which should not in justice be retained by the defendant and which in equity and good conscience should be paid to the plaintiff. The right to recover does not depend upon privity of contract, but on the obligation to restore that which the law implies should be returned, where one is unjustly enriched at another's expense. *Claflin* v. *Godfrey,* 21 Pick. 1, 6. *Farmer* v. *Arundel,* Wm. Bl. 824.

As the money was received from the debtors by the defendant as its own, in good faith, without notice of the prior assignment, under an instrument duly executed for a good consideration and purporting to assign the accounts receivable, the plaintiff cannot recover in this action. *Cole v. Bates,* 186 Mass. 584. *Lawrence v. Batcheller,* 131 Mass. 504. *Rand v. Smallidge,* 130 Mass. 337. *Moore v. Moore,* 127 Mass. 22.

We therefore do not consider it necessary to discuss the question whether the plaintiff comes within the rule established in this Commonwealth that, as between competing assignees, assignments of a chose in action take precedence according to their dates and not according to the time when notice is given to the debtor; the earlier assignment being good against the subsequent one, though no notice is given the debtor, *Thayer v. Daniels,* 113 Mass. 129, 131, *Putnam v. Story,* 132 Mass. 205; or, within the exceptions to the rule where, by his own acts or conduct, the earlier assignee has been prevented from recovering. As bearing on this point, see *Bridge v. Connecticut Mutual Life Ins. Co.* 152 Mass. 343. Nor is it necessary to decide what rights, if any, the plaintiff has against the debtors. See *Hellen v. Boston,* 194 Mass. 579.

*Exceptions overruled.*