GOODYEAR TIRE & RUBBER COMPANY vs. JOHN L. BAGG &
others.

Suffolk.   May 13, 1935. — September 13, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Equity Pleading and Practice*, Findings by judge. *Assignment. Contract,*
Novation. *Payment.*

After a finding by a judge in a suit in equity upon unreported evidence,
that a corporation had made a valid assignment of a chose in action,
this court on appeal assumed that there was proof that the assignment
had been executed by an authorized officer.

On a finding that "Flower" made an assignment of a claim, it was assumed
that the judge intended "Albert Flower Inc.," which owned the claim,
rather than one Flower, its president, who had no interest therein.

Priority of right as between successive assignees of a chose in action is
fixed by the times of assignment, not the times of notice to the debtor.

A contract between a debtor, his creditor and certain assignees of the
creditor, made without the debtor's and the assignees' knowing of
another assignment senior to theirs, for distribution of part of the
amount due among such assignees and retention of the balance by
the debtor to await the outcome of interpleader proceedings to be
brought by him to test the validity of still another, disputed assign-
ment, did not, as to the sum retained, constitute payment or nova-
tion of the debt as against the senior assignee; nor did the debtor's
payment of the retained sum into court in the interpleader proceed-
ings affect the senior assignee's rights in such sum.

BILL IN EQUITY, filed in the Superior Court on March 19,
1934.

The suit was heard by *Broadhurst*, J., by whose order a
final decree in favor of the defendant Rudnick, intervener,
was entered.   Certain defendants appealed.

*R. Wait*, (*J. Barker, Jr.*, with him,) for the defendants
Bagg and others.

*N. A. Heller*, for the intervener.

QUA, J.   In 1920 the plaintiff by contract in writing
engaged one Albert Flower, an expert accountant and tax
specialist, to aid the plaintiff in recovering from the United
States a large sum which the plaintiff claimed as an over-

payment of taxes. In 1923 Flower brought an action at law against the plaintiff for breach of this contract by the plaintiff and in 1933 he recovered judgment in said action in the amount of $129,412.50. In the meantime Flower had assigned his contract to a corporation known as Albert Flower Inc. He or the corporation had also assigned his or its beneficial interest successively by written assignments to several persons, including the present appellants Bagg and others, as security for debts owed by Flower or by the corporation to the several assignees.

When the judgment was entered in 1933, the total of the sums due from Flower and the corporation to these assignees exceeded the amount of the judgment, whereupon an agreement in writing was entered into among the plaintiff, Albert Flower, Albert Flower Inc., and the various assignees holding formal written assignments, whereby the assignees admitted the validity of each other's assignments, the plaintiff paid an agreed sum to each assignee, regardless of priority of assignment, to be credited on the assignees' accounts against Albert Flower or Albert Flower Inc., and all parties released the plaintiff from all demands. The sums so paid by the plaintiff exhausted the amount of the judgment against it except for a balance of $11,200, which was left in the plaintiff's hands to cover a claim against the judgment by one Stoneman under an assignment made by Albert Flower Inc., to secure payment of legal services in the original action. Stoneman did not join with the other assignees in the agreement. To meet this situation the agreement further provided that the plaintiff should commence a bill of interpleader against the various assignees, including Stoneman, for the purpose of testing Stoneman's right to enforce his claim against the undistributed balance of $11,200, and that so much of this sum as the court should not order paid to Stoneman should be distributed among named assignees parties to the agreement in the same proportions in which they shared in the initial payments.

This bill of interpleader was brought in accordance with the agreement. The plaintiff has paid the money into court. One Rudnick has been allowed to intervene as a

party defendant interested in this fund on the ground that in 1924 he lent $1,000 to Albert Flower and Albert Flower Inc., on the security of an informal oral assignment of their claims against the plaintiff. Rudnick was not a party with the other assignees to the agreement which resulted in the partial payments mentioned above, and it does not appear that the existence of an assignment to him was known either to the plaintiff or to the other assignees at the time .that agreement was made. The trial judge found and ruled "that an assignment enforceable in equity was made by Flower to Rudnick of a sufficient portion of his Goodyear claim to secure repayment to Rudnick of his loan to Flower," that this assignment was next in point of time after Stoneman's assignment and that it "is valid and effectual to entitle . . . [Rudnick] to be paid $1,044.26 out of the fund in court," after payment of a sum which he found to be due to Stoneman. The sole ground of these appeals is that the judge erred in allowing the claim of Rudnick against the fund.

The first contention of the appellants is that Rudnick's answer admits an assignment by Albert Flower to Albert Flower Inc., but that nevertheless the judge finds that Rudnick's assignment was "made by Flower" and that there is no express finding of Albert Flower's authority to make the assignment to Rudnick in behalf of Albert Flower Inc. But the evidence is not reported. Hence it must be assumed that there was evidence to support the judge's conclusions, and they must stand unless his subsidiary findings are inconsistent with them. *Check* v. *Kaplan*, 280 Mass. 170, 174. *Splaine* v. *Morrissey*, 282 Mass. 217, 220. *Graustein* v. *Dolan*, 282 Mass. 579, 583. Although it is found that Rudnick's assignment was "made by Flower," that finding, in connection with its context, cannot be taken to mean that the assignment was made by Albert Flower as an individual without authority from the corporation. It is not necessarily inconsistent with the ultimate conclusion that Rudnick received "a valid assignment," "enforceable in equity." There may well have been ample evidence of the authority of Albert Flower to act for Albert Flower

Inc., of which corporation he was then president. It is not to be supposed that the judge intended to find that a valid enforceable assignment was made by one who did not own the asset assigned and who had no authority from the owner to assign it.

The appellants further contend that the agreement of 1933 defeated Rudnick's claim under his assignment, although he was not a party to it and no provision was made for him in it. This contention cannot prevail. Rudnick's assignment was prior in time to those held by the appellants who were parties to the agreement. His lien upon the sums due under the contract between Albert Flower and the plaintiff was therefore senior to theirs. This is true even if he gave no notice of his assignment to the plaintiff (*Thayer* v. *Daniels*, 113 Mass. 129; *Putnam* v. *Story*, 132 Mass. 205, 211; *Rabinowitz* v. *People's National Bank*, 235 Mass. 102; *Cosmopolitan Trust Co.* v. *Leonard Watch Co.* 249 Mass. 14, 19) and although his assignment was what is sometimes called an "equitable" assignment, for the law governing all assignments of choses in action of the kind here involved had its origin in equity, and priorities among them are determined without regard to any distinction between legal and equitable titles. *Fairbanks* v. *Sargent*, 104 N. Y. 108. *Lexington Brewing Co.* v. *Hamon*, 155 Ky. 711, 715. Williston on Contracts, §§ 435, 438, 446a, 447. See *Bridge* v. *Connecticut Mutual Life Ins. Co.* 152 Mass. 343. Rudnick might lose his rights through a payment by the plaintiff to later assignees before notice of Rudnick's claim (*Rabinowitz* v. *People's National Bank*, 235 Mass. 102) or by reason of "a novation with the obligor, whereby the obligation in favor of the assignor is superseded by a new one running to" the later assignees, which is treated as equivalent to payment. Williston on Contracts, § 435. *Salem Trust Co.* v. *Manufacturers' Finance Co.* 264 U. S. 182, 199 (note). But there has been no full payment which obliterates the original obligation of the plaintiff. It is true that the plaintiff by payment of the balance of the fund into court has relieved itself from further liability, but that as yet undistributed balance stands in lieu of so much

of the plaintiff's original obligation as is represented by it, and Rudnick's lien thereon is still prior to those of subsequent assignees. Nor can the agreement of 1933 be construed as a novation which was equivalent to payment of the fund to the subsequent assignees. The plaintiff assumed no new and absolute obligation in substitution for its liability on the judgment whereby it undertook to pay to the appellants so much of $11,200 as the court should not order paid to Stoneman. The $11,200 was nothing but the unpaid portion of the original judgment against the plaintiff. This was to be subjected to the order of the court, and the plaintiff was to be relieved from all further obligation. The parties knew that they could not control the court. They took the risk of possible intervening claims.

*Decrees affirmed with costs.*