WANDA ZEMBRUSKI & another *vs.* JOHN ALICKI & another.

Suffolk.    November 8, 1943. — December 28, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Deed*, Validity, Parties.

Findings did not show that a deed of real estate was not complete when it was signed and acknowledged by the grantor nor support a contention that the name of the grantee was not inserted until after the grantor had signed it and was not inserted in his presence or by his authority.

BILL IN EQUITY, filed in the Superior Court on April 15, 1943.

The suit was heard by *Walsh*, J.

*W. B. Grant*, for the plaintiffs.

*D. L. Allison*, for the defendant Evelyn Alicki.

FIELD, C.J.    This bill in equity was brought in the Superior Court for the cancellation of a deed from the plaintiffs to the defendants of certain real estate in the part of the city of Boston that was formerly Dorchester. A decree was entered dismissing the bill. The plaintiffs appealed.

The case comes before this court upon a report of the material facts found by the judge, without a transcript of the evidence.

There was no error in dismissing the bill.

The plaintiffs are husband and wife, and have been since August 23, 1941. The wife, Wanda Zembruski, is the daughter of the defendant John Alicki, who was married to the defendant Evelyn Alicki on June 7, 1942. The defendant John Alicki, being fearful that the premises in question would be attached, conveyed them to his daughter, Wanda Zembruski, without consideration, by a deed executed in September, 1941, and recorded May 26, 1942. Before the defendants were married to each other, the defendant John Alicki agreed to give to his intended wife a "share in his property."

The findings of the judge, with respect to the deed from the plaintiffs to the defendants now sought to be cancelled, are as follows: "A deed was drawn by one Roginska, running from the daughter Wanda to her father John Alicki and John's wife Evelyn, which the said Wanda and her husband Theodore Zembruski signed, it being acknowledged by said Wanda. I find that this deed had been partially prepared and the names of the parties were inserted at the request of John Alicki, after there had been talk between members of the family and also with the mother of Evelyn about the property being in the name of John and his wife Evelyn. Although there is evidence of erasures in the deed from Wanda Zembruski to John and Evelyn Alicki and an apparent difference in the shading of the typewriting, I am satisfied there was no fraud or deception practiced on said Wanda in the execution of this instrument."

The plaintiffs in support of their bill for cancellation of the deed from them to the defendants rely solely on the contention that this deed was invalid for the reason that the names of the grantees were not inserted therein until after the deed was signed by the grantors, and that these names were not inserted in the deed in the presence of the grantors or by any person authorized by a power under seal to insert such names. See *Macurda* v. *Fuller*, 225 Mass.

341, 344; *Bretta* v. *Meltzer*, 280 Mass. 573, 576. We need not discuss principles of law applicable to such facts for the facts found by the judge do not support this contention of the plaintiffs. The facts found do not show expressly, or by fair implication, that the deed was not complete, with the names of the grantees therein, at the time it was signed by the plaintiffs.

*Decree affirmed with costs.*