TOWN OF ADAMS vs. FIRST NATIONAL BANK OF ADAMS.

Berkshire.   September 16, 1947. — November 4, 1947.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Contract*, Implied.

An action of contract for money had and received could not be main-
tained by a town against a bank which had received the proceeds of
checks payable to the town for its cemetery department and had
placed them on deposit in an account maintained by its cemetery
department at that bank, where, before the action was brought, the
full amount of the account, including such proceeds, had been with-
drawn and paid to the town treasurer.

CONTRACT. Writ in the Superior Court dated July 23,
1945.

The case was tried before *Burns*, J.

*A. J. Dilk*, Town Counsel, for the plaintiff.

*W. J. Donovan*, (*G. F. Gravel* with him,) for the defendant.

WILLIAMS, J.   This is an action of contract for money
had and received. It was tried to a jury in the Superior
Court, and at the conclusion of the plaintiff's case each
party moved for a directed verdict. The judge denied the
plaintiff's motion and allowed that of the defendant. To
such denial and allowance the plaintiff excepted.

The main facts are not in dispute. Previous to July 23,
1945, the date of the writ, the town of Adams maintained a
cemetery commission of which Fred H. Couture, Junior,
was chairman. Between August 30, 1940, and July 1, 1944,
Couture received as cemetery commissioner ten bank checks
totalling $1,222.50, the proceeds of which, in the main, were
to be used for perpetual care and lot maintenance. Of these
checks five were drawn payable to "Town of Adams," four
payable to "Town of Adams — Cemetery Department"
and one payable to "Town of Adams, Cemetery Commis-
sion." All ten checks were indorsed by Couture "Town of
Adams — Cemetery Department — Fred H. Couture Jr.,
Chmn.," and deposited by him in the defendant bank to an

account carried in the same name. Previous to the inception of this action the full amount of these checks together with a further balance in this particular account had been withdrawn and paid to the treasurer of the plaintiff.

The plaintiff contends that the bank originally converted the funds in question and should now be called upon to account. We are unable to accede to this view of the case. An action for money had and received to the plaintiff's use ordinarily lies "to recover money which should not in justice be retained by the defendant, and which in equity and good conscience should be paid to the plaintiff." *Cobb* v. *Library Bureau,* 268 Mass. 311, 316. Here the defendant retains no funds belonging to the plaintiff. The proceeds of the checks in question have been paid over to the proper custodian, the town treasurer. Even assuming a conversion and that this action, by amendment, were changed to one of tort for conversion, no damages other than nominal could be recovered. *Pierce* v. *Benjamin,* 14 Pick. 356, 361. *Jackson* v. *Innes,* 231 Mass. 558.

There was no error in the denial of the plaintiff's motion and in the allowance of that of the defendant. Exceptions saved to rulings on evidence have become immaterial.

*Exceptions overruled.*