JOHN J. FLAVIN, executor, *vs.* MARGARET T. MORRISSEY.

Suffolk.    February 8, 9, 1951. — March 16, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Release.    Fraud.    Contract,* Implied.

Evidence warranted a finding that a general release was voidable on the ground that the releasor's signature thereto was obtained by the releasee by a misrepresentation that the release came from the releasor's attorney, whereas in fact it had been prepared by the releasee's attorney and had never been seen by the releasor's attorney.

Conflicting evidence respecting real estate to which the plaintiff had title but which the defendant, a sister of the plaintiff, claimed to own in fact warranted a finding that money, obtained by the defendant in a purported conveyance of the property by means of a deed incomplete as to the grantee when signed by the plaintiff and later completed by the defendant over the plaintiff's signature, belonged to the plaintiff in equity and good conscience.

CONTRACT OR TORT originally by Helen Sargent.    Writ in the Superior Court dated November 16, 1948.

The declaration contained counts in tort and a count in contract for money had and received.    The tort counts were waived by the plaintiff.

The action was heard without jury by *Good,* J., who found for the plaintiff on the contract count.    The defendant alleged exceptions.

Thereafter the plaintiff died and the action was prosecuted by the executor of her will.

*H. Corin,* for the defendant.

*A. R. Shrigley,* (*J. Eastman* with him,) for the plaintiff.

WILLIAMS, J.    This is an action in contract for money had and received originally brought by Helen Sargent, hereinafter called the plaintiff, to recover the amount of two checks dated March 28, 1944, alleged to have been received by the defendant.    The plaintiff has deceased since the trial and the case is now prosecuted by the executor of her will.

There was a finding for the plaintiff by a judge sitting without jury, and the case is here on the exceptions of the defendant to the denial of her requests for rulings.

The evidence in its aspect most favorable to the plaintiff was substantially as follows: On November 9, 1938, she received from her father, Michael P. Flavin, a deed to a house and land at 962 South Street, Boston. Thereupon she signed a "blank deed" of the same property which deed contained "printing" but not the name of any grantee, and gave this incomplete deed back to her father who said that "if anything happened to her the property would go back to him and nobody else." The plaintiff, who lived with her father, saw him put the deed into his strong box. After his death on February 7, 1946, she found that the deed was gone. On March 28, 1944, the defendant, who was a sister of the plaintiff, had this deed in her possession. She used it to convey the property described therein to Edward and Ida Ippolito to whom she had agreed to sell the property through a real estate broker named MacQuarrie. The defendant inserted the names of Edward and Ida Ippolito in the deed as grantees and, professing to be the plaintiff Helen Sargent, acknowledged the deed before a notary public. The deed was then delivered by the defendant to the purchasers at the office of their attorney who gave to the defendant in exchange for the deed two of his personal checks dated March 28, 1944, one payable to Helen Sargent in the sum of $2,890.83 and one payable to the defendant. The defendant indorsed the latter check and gave it to MacQuarrie in payment of his commission. She indorsed the former check by signing the name of the plaintiff and under that indorsement also indorsed the name Margaret Kelley under which name she then opened an account in a savings bank by depositing therein the check so indorsed. The judge found for the plaintiff in the face amount of this check, $2,890.83.

The defendant does not deny that she filled in the names of the grantees over the signature of the plaintiff and that she received the checks from the purchasers' attorney. It

is her contention that the property in question actually belonged to her, that the plaintiff was holding it for her as a straw and had authorized her to complete the deed by inserting the names of grantees and to use it to convey the property. It is unnecessary to recite the testimony, which was highly contradictory. The ownership of the property was a question of fact for the judge. The plaintiff acquired title to the property by the deed from her father. The deed signed by her, incomplete because of failure to name the grantee, whether given by the plaintiff to her father or, as the defendant contends, to her, the defendant, was invalid as a deed. It conveyed no title. *Macurda* v. *Fuller,* 225 Mass. 341, 344. *Bretta* v. *Meltzer,* 280 Mass. 573, 576. See *Zembruski* v. *Alicki,* 315 Mass. 299.

The principal question for decision is the effect of a release of all demands given under seal by the plaintiff to the defendant on September 20, 1946. The release is in ordinary form and by its language is sufficient to dispose of all causes of action and of all claims and demands arising out of any transactions between the plaintiff and the defendant. There was evidence that the plaintiff previous to the date of the release had brought an action against the defendant in which she, the plaintiff, was represented by an attorney named White. It was agreed by counsel for the parties that the action be settled by entering a judgment for "neither party." There was further evidence that the plaintiff could not read or write other than to sign her name, and that the defendant brought two papers to her saying that they were from her attorney and that he "would take care of her" — that these papers were from her attorney to "drop the suit." The plaintiff said to the defendant that "she never heard of a thing like that" and the defendant took the papers away and she never saw them again. Later one afternoon the defendant put some paper down in front of her and said "for her to sign on the line and for her to hurry up since . . . [she, the defendant] wanted to get home and get supper." The plaintiff said that "she didn't know why she would want to sign papers for dropping the

suit." The defendant replied that John White (the plaintiff's attorney) would take care of her. She signed the paper because the defendant said it came from her attorney John Philip White. There was evidence that in fact the release which the plaintiff then signed was prepared by the defendant's attorney and had never been seen by Mr. White. This evidence was sufficient in our opinion to warrant the judge in finding that the plaintiff's signature to the release was obtained by a misrepresentation of fact and was therefore voidable. *McNamara* v. *Boston Elevated Railway,* 197 Mass. 383, 385–386. *Rocci* v. *Massachusetts Accident Co.* 222 Mass. 336, 345. *Shaw* v. *Victoria Coach Line, Inc.* 314 Mass. 262.

The right to recover in an action for money had and received "does not depend upon privity of contract, but on the obligation to restore that which the law implies should be returned, where one is unjustly enriched at another's expense." *Rabinowitz* v. *People's National Bank*, 235 Mass. 102, 103. The judge could find that the defendant was holding in her savings bank account money which in equity and good conscience should be paid to the plaintiff. *Cobb* v. *Library Bureau*, 268 Mass. 311, 316. See *Adams* v. *First National Bank*, 321 Mass. 693, 694. The judge ruled that the evidence was sufficient to warrant a finding for the defendant and denied the defendant's request that the "evidence is insufficient to warrant a finding for the plaintiff." No error appears. There was no inconsistency in these rulings as there was evidence to warrant a finding either for the plaintiff or for the defendant depending on the judge's belief in the truth of the testimony advanced by the contending parties.

*Exceptions overruled.*