*Northern District*

No. 4809

## MARGARET J. CADIERO

v.

## RICHARD F. JOYCE

(January 31, 1955)

*Eno, J.* By this action of tort in two counts the plaintiff seeks to recover for property damage done to her automobile, while operated by her son on his own business, as a result of a collision with an automobile owned and operated by the defendant. One count is for negligence and the other that the defendant's automobile was illegally registered. The answer besides a general denial contained allegations of agency and illegal registration.

From conflicting testimony of the parties the trial judge found the following facts:

"1. The plaintiff, Robert, 20 year old son of the plaintiff, Margaret, was driving her 1942 Pontiac car with her permission on October 29,

1953. He was returning from a hunting trip on route 1.

2. At about Topsfield, the defendant, driving ahead his truck downhill was slowing down as the traffic lights were ahead. Those facing him were green until he came within about fifteen feet when it changed to orange. He slowed down to a stop. At about five or six seconds later, he experienced a crash that threw open the doors of his truck. He pulled on his emergency brake and turned off the engine. The plaintiff's car hit his truck and propelled it across the intersection.

3. The defendant had lived at 40 WILLIE STREET in Haverhill all of his life. It was the family home. In filling in the application, he had some one type in the information. The name of the street was typed in as 40 WILLIS STREET. The defendant had no knowledge of the error until called to his attention after the accident. There is no Willis Street in Haverhill. He had complete honesty of purpose and did not intend to deceive or mislead.

4. From the evidence concerning the application and its preparation, I infer and find as a fact that the misdescription of the address was an error in spelling and constituted a "mistake" within the sweep of St. 1943, c. 361.

5. The actions of the defendant did not cause the accident. This was caused by the conduct of the PLAINTIFF driver."

There was no error in the refusal of the plaintiff's sixth request that:

"If the COURT finds that the defendant's car came to a sudden halt and without warning or signal, it is then a question of fact for the Court to determine whether under all of the circumstances the defendant operated his car at a reasonable rate of speed at the time and place of the accident, and whether under the attend-

ing circumstances, he was negligent in coming to a sudden halt without warning to the plaintiff," nor to the refusal of the thirteenth request that:

"There is no evidence to warrant that the plaintiff was contributorily negligent,"

in view of the judge's finding that the defendant was not negligent, that the operator of plaintiff's car was negligent and that the accident was caused by the latter's conduct. While he could find for the plaintiff on her operator's testimony, the judge apparently disbelieved him, and adopted the defendant's version of the accident.

These requests became immaterial, therefore, by the judge's findings of facts.

*Mahoney v. Norcross*, 284 Mass. 153, 154; *Gibbons v. Denoncourt*, 297 Mass. 448, 450; *Dolham v. Peterson*, 297 Mass. 479; *Cameron v. Buckley*, 299 Mass. 432, 434.

The principal argument of the plaintiff, however, is to the denial of her other requests relating to the alleged illegal registration of the defendant's automobile, because his residence was stated as Willis Street, instead of Willie Street.

The trial judge having found that the defendant did not intend to deceive or mislead in giving the wrong street name and that the mistake was an error of spelling, we think that he correctly ruled that it was a "mistake within the sweep of St. 1943, c. 361."

The statute referred to by the judge is now contained in G. L. c. 90, s. 9 which provides that a motor vehicle is deemed to be properly registered notwithstanding any mistake in the statement of residence of the applicant contained in the application or certificate.

The plaintiff had the burden of proving that the misstatement was not a mistake,

*Leblanc v. Cutler Co.*, 305 Mass. 283, 286, and that the defendant's motor vehicle was illegally registered,

*Conroy v. Mather,* 217 Mass. 91; *Brewer v. Hayes,* 285 Mass. 144; *Faria v. Veras,* 298 Mass. 117, 119, and the judge's finding shows that these burdens were not sustained.

*MacInnis v. Morrissey,* 298 Mass. 505.

There was no error therefore in the denial of the requests relating to illegal registration.

The plaintiff claims also to be aggrieved by the finding that the defendant was not negligent, while allowing her first request that "upon all the evidence, a finding for the plaintiff is warranted."

If the trial judge had found the facts as testified to by the plaintiff's operator, doubtless he could have found in the favor of the plaintiff, and, therefore. properly allowed her first request. But having found that the accident was caused solely by the negligence of this operator, he could consistently find for the defendant as he did.

*Flavin v. Morrissey,* 327 Mass. 217, 220.

There being no prejudicial error in the denial of the plaintiff's requests for rulings, the report is to be dismissed.

Herbert L. Sostik, for the plaintiff.

Joseph Wine, for the defendant.