*Northern District*

No. 4824

**GEORGE T. BARBER JR. AND FRANCES L. BARBER**

**v.**

**ALFRED P. LUISE**

(February 2, 1955)

*Eno, J.* By this action of contract the plaintiffs seek to recover one hundred dollars for *money had and received* by the defendant, who answered by a general denial. The trial was before *Coddaire, S. J.*

The reported evidence shows that the plaintiffs and Mr. and Mrs. George E. McPhail, Jr. made a written agreement for the purchase and sale of real property, in Lynn, Massachusetts. The plaintiffs made a deposit

of $100, which according to the agreement was to be held by the defendant until its full performance. The agreement was to become null and void if a mortgage loan could not be secured under the G. I. Bill of Rights, and the deposit refunded. The Lynn banks would not accept a mortgage and the seller agreed to call the deal off and was not interested in keeping the deposit. The plaintiffs then asked the defendant to return the deposit but he requested them to allow him to retain it for the purpose of getting the Veterans Administration's approval for future sales. This was satisfactory to the plaintiffs provided the deposit was returned to them afterwards. Later another demand for the deposit was made of the defendant.

At the close of the trial the defendant filed the following request for rulings:

"The defendant moves upon the pleadings, opening and upon all the evidence, a finding be made in his favor, as a matter of law."

The Court found for the plaintiff, after which the defendant submitted a motion "to amend his draft report" as follows:

"The defendant moves as an amendment to his draft report that at the trial of said cause, the plaintiff (s) did not introduce any evidence tending to show a breach of the agreement by the defendant."

This motion was denied, and the defendant "saved an exception."

The report states that it contains all the evidence material to the question reported.

The defendant claims to be aggrieved by the denial of his request for ruling.

No report is requested on the denial of the defendant's motion. Although the motion is to amend the draft report, it is in fact another request for ruling which was not filed at the end of the trial and before the closing arguments as required by

Rule 27 of the Rules of District Courts, (1952), and, therefore, it was properly denied.

The defendant's sole request for ruling is in fact a motion for a finding in his favor.

While this may be the method of raising the question in a jury trial, it is not the proper practice in a district court. *Morse v. Homer's, Inc.*, 295 Mass. 606, 607.

If the motion is treated as a request that the finding be made for the defendant, as a matter of law, then it also fails to comply with said Rule 27, in not specifying the grounds on which this request is based. *Holton v. American Pastry Products Corp.*, 274 Mass. 268; *Garrett v. M. McDonough Co.*, 297 Mass. 58, 60; *Forbes v. Gordon and Gerber*, 298 Mass. 91, 95.

In any view of the case there was no error in the denial of the request. The action was not on the contract itself, but for money had and received. It was even provided in the agreement that the deposit was to be held by the defendant and returned on certain conditions which have been met. In equity and good conscience the money belongs to the plaintiffs. In such a case an action for money had and received will lie. *Wiseman v. Lyman*, 7 Mass. 286; *Sherman v. Werby*, 280 Mass. 157; *General Exchange Ins. Corp. v. Driscoll*, 315 Mass. 360, 365; *Flavin v. Morrissey*, 327 Mass. 217, 220; See *Mellen, Adm'x v. Whipple*, 1 Gray 317, 322.

There being no prejudicial error in the denial of defendant's request, *the report is to be dismissed.*

Timothy A. Curtin, for the Plaintiffs.

Ralph J. Luise, for the Defendant.