*Western District*

*District Court of Springfield*

## BLANCHE AND STEPHEN TESNY

### v.

## TEOFILA ZUBROWSKI

*Riley, P. J.* The plaintiffs' action of contract is in two counts. Count 1 alleges that the plaintiff Blanche Tesny was a tenant at will of the defendant occupying a store owned by the defendant; that the plaintiff Blanche Tesny paid $327.00 to a contractor for certain repairs to the building when the building was struck by an automobile truck; that the insurance company insuring the truck paid over to the defendant an amount similar to the $327.00 spent by the plaintiff Blanche Tesny. Count 2 alleges that the defendant owes the plaintiff Blanche Tesny $327.00 for money had and received. The action was brought by writ dated October 21, 1953. The defendant's answer is a general denial and the further answer that she never received any monies from or on the behalf of the plaintiffs.

It was agreed by counsel before trial that the plaintiffs were tenants at will of the defendant since January, 1951 and also at the time of the alleged claim; that the money stated in the declaration was paid to the defendant by an insurance company which insured the truck involved and that the building rented by the plaintiffs from the defendant was damaged in an automobile accident by a truck owned by the Fred C. McLean Heating Supplies Company.

At the trial there was evidence from the plaintiff Blanche Tesny that a truck owned by the Fred C. McLean Heating Supplies Company ran into the building owned by the defendant and being then occupied as a tenant by the plaintiff Blanche Tesny; that the building was damaged and that Blanche

Tesny sustained personal injuries. There was further evidence to the effect that following the accident Blanche Tesny engaged a contractor to repair the damage done to the building and that Blanche Tesny paid him $327.00 for this work; that she paid this money to the contractor with the expectation of being reimbursed by the insurance company insuring the truck which struck the building; that following the completion of the work and probably some time in April or May, 1951 she had some talk with the defendant at which time she told the defendant about the damage and that she had had the damage repaired. The plaintiff Blanche Tesny did not remember whether the contractor had already given her a bill at the time she talked with the defendant.

After setting out the pleadings and the agreement of counsel in reference to the facts, the trial judge made the following findings:

"In the aspects most favorable to the Plaintiffs, the evidence introduced showed that the truck in question ran into the building occupied by the Plaintiffs. That the Plaintiff Blanche Tesny was injured as a result of this accident. That the Plaintiff Blanche Tesny, for a long period, was ill and away from the place of business. That during this period she engaged a contractor to repair the premises at a cost of $327.00. That the Plaintiff Blanche Tesny at no time prior to the engagement of the contractor and completion of the work communicated with the Defendant with regards to the repairs. That she went back to work after several months absence. That the Plaintiffs could not recall any talk with the Defendant prior to the completion of the work, with regard to the contractor or the authority to repair. The only testimony that appears from the Plaintiff, Blanche Tesny was, "I told her what happened and she said OK, I'll see."

The male plaintiff did not testify.

"Upon all this evidence I find that the engagement of the contractor and the payment of the sum of $327.00 to the contractor was an entirely voluntary act and was not based upon any contract express or implied with the Defendant. I find that the action of the Plaintiff Blanche Tesny was entirely without authority.

I therefore find for the Defendant under Count 1. I find for the Defendant under Count 2."

The plaintiff had duly filed the following requests for rulings:

"1. The Plaintiff, Blanche Tesny requests that if this Court finds upon all the evidence that the Plaintiff, Blanche Tesny made the repairs on the store at 197 Piper Road, West Springfield, Massachusetts, which store was the property of the Defendant with the expectation of being reimbursed and that the Defendant knew the repairs were paid for by the Plaintiff and permitted the same to be made, then this Court should find as a matter of law, a legal duty rests upon the Defendant in the nature of an implied contract to reimburse the Plaintiff.

2. The Plaintiff, Blanche Tesny requests that if this Court finds upon all the evidence that the Plaintiff, Blanche Tesny made the repairs on the store at 197 Piper Road, West Springfield, Massachusetts, which store was the property of the Defendant, the Plaintiff's landlord, with the expectation of being reimbursed and that the Defendant knew the repairs were paid for by the Plaintiff and permitted the same to be made, then this Court should find that the plaintiff is entitled to recover from the Defendant to prevent unjust enrichment of the Defendant.

3. The Plaintiff, Blanche Tesny requests that if this Court should find that the said repairs were paid for by her that regardless of whether the Defendant had knowledge that the repairs had been made, this Court should find for the Plaintiff under Counts 1 and 2."

The judge made the following rulings upon these requests:

"I deny request No. 1 because there was no evidence that the defendant knew the repairs were

being made and paid for by the Plaintiff, nor was there any evidence that the Defendant permitted the same to be made.

I deny the Plaintiffs request No. 2 for the reasons that there was no evidence that the Defendant permitted them to be made.

I deny the Plaintiffs request No. 3."

While Stephen Tesny was a party plaintiff, the record does not show that he has any interest in the action. He did not testify and all requests for rulings were made by Blanche Tesny who claims to be aggrieved by their refusal. Accordingly, Blanche Tesny is hereinafter referred to as the plaintiff.

The salient facts in this case which are not disputed are most unusual. It is not a case where a party makes improvements upon the land of another and then seeks to recover the cost of such improvements. In such a case the plaintiff cannot recover such cost unless he can show that the work was done with the knowledge or implied consent of the defendant. *LaChance v. Regoli*, 325 Mass. 425, 472 and cases cited. The judge (*Ehrlich, J.*) in the present case has expressly found that the defendant did not know that the repairs were being made and paid for by the plaintiff and that there was no evidence that the defendant permitted the same to be made. Consequently there was no error in his denying the plaintiff's first and second requests for rulings as they were both predicated upon his finding that the defendant permitted the repairs to be made and knew that they were paid for by the plaintiff. The plaintiff in the instant case is suing for the amount of a repair bill paid to the defendant by an insurance company representing the party who had caused damage to the defendant's property of which the plaintiff was a tenant which repair bill had been contracted for and paid by the plaintiff. The result of the transaction is that the defendant has received $327.00 as a gratuity as the record does not show any other damage to her property and the plaintiff is

out $327.00 which she has paid to the contractor who repaired the premises.

The plaintiff has complicated her third request for ruling by making it apply to both counts one and two. As the judge in effect found there was no implied contract she was not entitled to recover under count one. There remains for consideration the application of this request to count two which is for money had and received. In *Hetherington & Sons v. William Firth Company,* 210 Mass. 8 at 18 it is said,

> "When a request is presented such as in a jury trial ought to have been given, an exception to a refusal to grant it by a judge sitting without a jury must be sustained, unless the ground of refusal is distinctly stated or plainly appears in some way on the record and is such as to show that no harm has been done by the refusal, or unless it is obvious on the whole that no rights of parties have been endangered."

The trial judge denied the plaintiff's third request without comment. In *Jaquith v. Davenport,* 191 Mass. 415 at 423 the Court says,

> "But a general verdict cannot be supported which rests on one of two alternatives, one of which is left to the jury under a correct ruling and the other under an incorrect one."

The foregoing language was used in this case although it was heard by a judge sitting without a jury. The question is then presented whether the plaintiff can recover on the second count of her declaration. In *Rabinowitz v. People's National Bank,* 235 Mass. 102 at 103 appears the following:

> "An action for money had and received lies to recover money which should not in justice be retained by the defendant and which in equity and good conscience should be paid to the plaintiff. The right to recover does not depend upon privity of contract, but on the obligation to restore that which the law implies should be

returned, where one is unjustly enriched at another's expense. *Claflin v. Godfrey,* 21 Pick. 1, 6. *Farmer v. Arundel,* Wm. Bl. (Eng.) 824."

and again in *Sherman v. Werby,* 280 Mass. 157 at 160,

"An action for money had and received, although an action at law, is governed by equitable principles. It may in general be maintained whenever one has money in his hands belonging to another which in equity and good conscience he ought to pay over to the other. *Wiley v. Connelly,* 179 Mass. 360. *Cole v. Bates,* 186 Mass. 584; *Nelson v. Piper,* 213 Mass. 531, 533. 'The law creates the privity and implies the promise.' *Bouve v. Cottle,* 143 Mass. 310, 314."

See also *G. E. Lothrop Theatres Co. v. Edison El. Ill. Co.,* 290 Mass. 189. *Jones v. Swift,* 300 Mass. 177. *Gen. Exchange Ins. Corporation v. Driscoll,* 315 Mass. 360. *Nat. Shawmut Bank v. Fidelity Mut. Life Ins. Co.,* 318 Mass. 142. *Adams v. First Nat. Bank,* 321 Mass. 693. *Flavin v. Morrissey,* 327 Mass. 217.

An application of these principles to the facts in the present case would warrant a finding for the plaintiff. The denial of the plaintiff's third request insofar as it applied to count two of the declaration deprived her of the opportunity to recover under this count and was prejudicial to her. The request should have been given insofar as it applied to count two of the declaration. It is rarely that a finding for a plaintiff can be ordered particularly when it depends upon oral evidence. In the case at bar, however, the essential facts which would permit recovery for the plaintiff under count two of her declaration are either agreed to by counsel for the parties or found by the judge.

*The finding for the defendant should be vacated and finding for the plaintiff for $327.00 entered upon count two of her declaration.* G. L. c. 231, §§110, 124.