# United States Court of Appeals
## For the First Circuit

No. 23-1480

SOUTHBRIDGE RE, LLC,

Plaintiff, Appellant,

v.

KIAVI FUNDING, INC.; CHRISTIANA TRUST, a Division of Wilmington
Savings Fund Society, FSB, not in its individual capacity but as
Trustee for Victoria Capital Trust,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Katherine A. Robertson, U.S. Magistrate Judge]

Before

Barron, Chief Judge,
Selya and Kayatta, Circuit Judges.

Todd S. Dion for appellant.

Brian C. Linehan, with whom Reneau J. Longoria and Doonan,
Graves & Longoria, LLC were on brief, for appellees.

July 25, 2024

**KAYATTA**, **Circuit Judge**.    This appeal arises out of Christiana Trust's foreclosure sales of two properties owned by Southbridge RE, LLC.    Southbridge had previously mortgaged the properties to LendingHome, which delivered assignments of the mortgages to Christiana Trust.    Southbridge contends that Christiana Trust nevertheless lacked the proper authority to conduct the foreclosure sales because LendingHome had delivered blank assignments of the same mortgages to Toorak Capital Partners before delivering the assignments to Christiana Trust, thus breaking the chain of title.    The district court disagreed, finding the assignments in blank to be void under Massachusetts law.    For the following reasons, we agree with the district court.

**I.**

**A.**

On September 5, 2018, Southbridge executed a promissory note for $155,700 to LendingHome (now known as Kiavi Funding), for the purchase of a commercial property at 103 Prospect Street, Springfield, Massachusetts.    Southbridge secured the note with a commercial mortgage on the Springfield property, the deed to which Southbridge acquired on September 7, 2018.    The mortgage on the Springfield property was duly recorded in the Hampden County Registry of Deeds on September 14, 2018.

On September 19, 2018, LendingHome executed and delivered an assignment of the mortgage on the Springfield property

to Toorak Capital Partners, as security for a private funding agreement between LendingHome and Toorak. The assignment left blank the space for the assignee's name. At some point after September 19, Toorak filled in its own name as the assignee. It did not record the assignment in the Hampden County Registry of Deeds until November 30, 2020.

Southbridge defaulted on the Springfield mortgage on September 1, 2019. On December 13, 2019, LendingHome assigned the mortgage to Christiana Trust. That assignment was recorded in the Hampden County Registry of Deeds on December 13, 2019. On October 14, 2020, a representative for LendingHome executed a certification and affidavit stating that LendingHome had assigned the mortgage to Christiana Trust, and therefore that Christiana Trust held the Springfield mortgage.

On November 2, 2020, LendingHome served Southbridge with a Notice of Default and Election to Sell Property. After Southbridge failed to cure its default, Christiana Trust held a foreclosure sale on January 21, 2021, eventually contracting to sell the property to Ruby Realty.

**B.**

A similar series of transactions took place in connection with a property located in Westfield, Massachusetts. Southbridge purchased the property at 25 Pleasant Street, Westfield, Massachusetts on October 4, 2018. On October 11, 2018,

- 3 -

it executed a promissory note to LendingHome in the amount of $175,000 to finance the purchase, again secured by a commercial mortgage on the Westfield property. The mortgage was recorded on October 11, 2018.

On October 16, 2018, LendingHome issued a blank assignment of the Westfield mortgage to Toorak as security for the same private funding agreement for which it had assigned the Springfield mortgage. As with the assignment of the Springfield mortgage, Toorak subsequently filled in its own name, and then recorded the assignment on November 30, 2020.

After Southbridge defaulted on the Westfield property mortgage, LendingHome assigned the mortgage to Christiana Trust on December 16, 2019. The assignment was recorded in the Hampden County Registry of Deeds on January 6, 2020. On February 4, 2020, a representative for LendingHome executed an affidavit stating that LendingHome had assigned the mortgage to Christiana Trust, which was recorded on February 11, 2020. On October 7, 2020, another representative for LendingHome executed a second affidavit and certification reiterating that Christiana Trust owned the Westfield mortgage. The Westfield property was sold to Christiana Trust at a December 22, 2020, foreclosure auction.

## C.

On June 1, 2021, representatives of LendingHome, Toorak, and Christiana Trust executed two affidavits (one for each property) in accordance with Mass. Gen. Laws ch. 183, § 5B (the "5B affidavits") explaining that the original assignments to Toorak were invalid and that the affiants elected to void the assignments. The affidavits explained that the assignments "were not intended to be delivered to Toorak and recorded unless and until LendingHome defaulted under the terms of the private funding agreement, which did not occur." Toorak had filled in and recorded the assignments "[d]ue to an inadvertent oversight . . . notwithstanding the fact that it was not authorized to do so under the terms of the private funding agreement with LendingHome."

## II.

Southbridge initiated the present suit in Massachusetts state court seeking to enjoin the foreclosure proceedings until the alleged defects in Christiana Trust's title could be fixed. Christiana Trust removed the case to federal court. With the parties' consent, the district court referred the matter to a magistrate judge. See 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. The magistrate judge denied Southbridge's motion for summary judgment and granted defendants' cross-motion for a declaration that Christiana Trust had the authority to sell the Springfield and Westfield properties and therefore that the foreclosure sales

complied with Massachusetts law.[1]  See Southbridge RE, LLC v. Kiavi Funding Inc., No. 3:21-cv-30061, 2023 WL 2696496, at *17 (D. Mass. Mar. 29, 2023).  This appeal follows.

## III.

The Massachusetts Supreme Judicial Court ("SJC") has consistently rejected as invalid documents purporting to convey interests in real estate without identifying the grantee by name -- the exact kind of documents LendingHome conveyed to Toorak.  In U.S. Bank National Ass'n v. Ibanez, the original mortgagee, Rose Mortgage, Inc., executed an assignment in blank and delivered it to Option One Mortgage Corp.  941 N.E.2d 40, 46 (Mass. 2011).  That assignment was later stamped with the name of Option One as the assignee.  Id.  Option One in turn executed another assignment in blank and delivered it to Lehman Brothers Bank, which passed it through a chain of subsequent assignments ending with U.S. Bank as the claimed holder of the mortgage.  Id.  The SJC ultimately denied U.S. Bank's attempt to foreclose on the property, finding that U.S. Bank had not made a sufficient showing that it had been

---

[1]  The magistrate judge also denied defendants' motion for summary judgment on their cross-claims for slander of title, unjust enrichment, and promissory estoppel.  After judgment was entered, defendants agreed to dismiss those counterclaims for purposes of expediting final judgment and this appeal.

assigned the properties in question.[2]  Id. at 52.  In rejecting

U.S. Bank's counter-argument that the assignments in blank

executed by Option One "evidence[d] and confirm[d] the

assignments" and "[we]re effective assignments in their own

right," the SJC emphasized that "[w]e have long held that a

conveyance of real property, such as a mortgage, that does not

name the assignee conveys nothing and is void."  Id. at 53.

Southbridge seeks to avoid the holding of Ibanez by

stressing that here, Toorak -- the holder of the blank assignment

-- filled in its own name in the blank space on the assignment

before recording it.  Ibanez does not definitively eliminate the

possibility that under Massachusetts law a belated designation of

the assignee might be valid if authorized by the assignor.  See

id. at 52 n.19.  But other cases do.  See Flavin v. Morrissey, 97

N.E.2d 643, 644 (Mass. 1951) (holding that "[a] deed . . .

incomplete because of failure to name the grantee . . . [i]s

invalid as a deed" even where defendant subsequently filled in the

name of the grantee); Macurda v. Fuller, 114 N.E. 366, 367 (Mass.

1916) (finding that a deed delivered without the name of the

assignee but with "direction . . . to fill the blank space with

the name of [a specific party]" was "without validity" and

---

    [2]  The properties at issue had allegedly been pooled into a
trust and converted into a mortgage-backed security that was
assigned to U.S. Bank.  Ibanez, 941 N.E.2d at 46.

- 7 -

"conferred . . . no legal right"). Moreover, the record in this case is clear that Toorak did not have permission from LendingHome to fill in Toorak's name as assignee in the absence of a default by LendingHome that never took place.

Southbridge points to communications between LendingHome and Toorak seeking Toorak's approval to postpone the foreclosure sale in anticipation of obtaining a short-sale offer on the Springfield property. As plaintiff argues, LendingHome would not have needed Toorak's approval unless Toorak had an interest in the property, thus contradicting defendants' insistence that the assignment in blank was never intended to be valid. But nothing in the communications indicates an intent to confirm a prior pending conveyance of an interest. Rather, notice to Toorak was entirely consistent with Toorak having a conditional interest in the property that never ultimately vested.

Southbridge objects that allowing defendants to use post-foreclosure affidavits to establish title to the properties contravenes SJC precedent and falls outside the scope of Mass. Gen. Laws ch. 183, § 5B. See Ibanez, 941 N.E.2d at 54 ("Nor may a postforeclosure assignment be treated as a preforeclosure assignment simply by declaring an 'effective date' that precedes the notice of sale and foreclosure . . . ."). But the 5B affidavits do not create in Christiana Trust an interest in the properties that did not otherwise exist, nor do the 5B affidavits

- 8 -

void the Toorak assignments. Rather, the Toorak assignments were void from the beginning. Defendants proffered the affidavits simply to confirm that Toorak had no authority to complete the assignments delivered in blank on behalf of LendingHome. And 5B affidavits are proper in this context where they are "limited to facts that explain what actually occurred, and are not inconsistent with the substantive facts contained in the original document." Bank of Am., N.A. v. Casey, 52 N.E.3d 1030, 1038-39 (Mass. 2016).

Plaintiff also contends that defendants failed to list the Toorak assignments in their third notice of sale as required by Massachusetts law.[3] Per Mass. Gen. Laws ch. 244, § 14, a mortgagee wishing to hold a foreclosure sale must publish notice of the sale "once in each of 3 successive weeks." Where the mortgagee "holds a mortgage pursuant to an assignment, no notice . . . shall be valid unless . . . the recording information for all recorded assignments is referenced in the notice of sale required." Id. But as Massachusetts law makes clear, an assignment in blank is void (not voidable). And a void conveyance "[is] to be considered by the law as [a] nullit[y]." Somes v. Brewer, 19 Mass. (2 Pick.) 184, 201 (1824). So an assignment in

---

[3] The Springfield property foreclosure sale notices were published on November 17, November 24, and December 1, 2020. The Westfield property foreclosure sale notices were published on November 18, November 25, and December 2, 2020. Because the Toorak assignments were only recorded on November 30, 2020, they could only have been included in the third and final notices.

blank is not an assignment at all.  Thus as the magistrate judge found, the most logical reading of ch. 244, § 14 is that it does not require that a foreclosure notice mention void assignments. See Southbridge RE, LLC, 2023 WL 2696496, at *10.  And because the Toorak assignments were void from the start, defendants had no obligation to include them in the notice.  See Sampson v. U.S. Bank, Nat'l Assoc., 692 F. Supp. 3d 1, 6 (D. Mass. 2023) (finding that an assignment of a mortgage by an entity that was not the mortgage holder was "not part of the chain of title" and therefore did not need to be included in the "disclosure requirements of [section] 14 and related regulations").  As such, the foreclosure sale notices do not contravene state law.

Finally, at oral argument, counsel for plaintiff contended for the first time that there might be a factual question as to whether the assignments to Toorak were actually in blank or whether they identified the assignee when delivered.  But the evidence shows otherwise and, in any event, this argument was clearly raised too late.  United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

## IV.

We therefore affirm the judgment of the district court.